1  Dan Stormer, Esq. [S.B. #101967]
   Randy Renick, Esq. [S.B. #179652]
2  Joshua Piovia-Scott, Esq. [S.B. #222364]
   HADSELL STORMER KEENY
3  RICHARDSON & RENICK, LLP
   128 N. Fair Oaks Avenue
4  Pasadena, California 91103
   Telephone:  (626) 585-9600
5  Facsimile:  (626) 577-7079
   E-mail: rrr@hskrr.com
6
7  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
9

10 GENARO ZENDEJAS MORALES, RICKY          CASE NO. CV09-5565 CBM(MLGX)
11 SILVA and CHRISTIAN SANCHEZ, on behalf
   of themselves and all others similarly situated,   CLASS ACTION COMPLAINT FOR:
12
              Plaintiffs,                  1.  FAILURE TO PROVIDE MEAL
13                                         AND REST PERIODS (CAL. LABOR
         v.                                CODE § 226.7, 512);
14
   ARAMARK CORPORATION, a Delaware         2. NONPAYMENT OF WAGES (CAL.
15 Corporation formerly known as ARAMARK   LABOR CODE § § 204, 210, 218.5 &
   SERVICES, INC.; ARAMARK SPORTS, INC.,   218.6);
16 ARAMARK SPORTS, LLC and DOES 1-200,
   inclusive,                              3.  FAILURE TO FAILURE TO KEEP
17                                         AND FURNISH ACCURATE WAGE
                                           STATEMENTS (CAL. LABOR CODE
18            Defendants.                  §§ 226, 226.3);

19 _____  4.  FAILURE TO PAY OVERTIME
                                           COMPENSATION (CAL. LABOR
20                                         CODE §§ 510, 1194, 1194.2);

21                                         5.  WAITING TIME PENALTIES
                                           (CAL. LABOR CODE § 201 & 203)
22
                                           6.  UNFAIR COMPETITION (CAL.
23                                         BUS. & PROF. CODE § 17200, et seq.)

24                                         7. CIVIL PENALTIES UNDER
                                           PRIVATE ATTORNEY GENERAL
25                                         ACT (CAL. LABOR CODE §§ 2698, et
                                           seq.)
26
27                                         JURY TRIAL DEMANDED

28

                              1
                    CLASS ACTION COMPLAINT

On behalf of themselves and all others similarly situated, and on behalf of the general public, GENARO ZENDEJAS MORALES, RICKY SILVA and CHRISTIAN SANCHEZ ("Plaintiffs" or "Class Representatives"), bring this class action against defendants ARAMARK CORPORATION, a Delaware Corporation formerly known as ARAMARK SERVICES, INC.; ARAMARK SPORTS, INC., ARAMARK SPORTS, LLC and DOES 1-200 ("Defendants") for: wages and penalties owed for missed meal and rest breaks, earned but unpaid overtime wages, back wages, restitution, liquidated damages, penalties, interest, declaratory and injunctive relief, punitive damages, costs and attorneys' fees resulting from Defendants' unlawful conduct and unfair business practices, and as grounds therefore allege:

## INTRODUCTION

1.     Plaintiffs GENARO ZENDEJAS MORALES, RICKY SILVA and CHRISTIAN SANCHEZ are residents of the counties of Los Angeles and Orange and are current and former employees of Defendants who are classified as nonexempt under the California Industrial Welfare Commission ("IWC") Wage Orders and are paid on an hourly basis.  Plaintiffs have at all material times been employed by Defendants as food service employees to work at the corporate cafeterias and sporting and entertainment event centers that they manage and operate in California, including but not limited to those it manages and operates on behalf of AT&T, Angels Stadium and the Honda Center.

2.     Plaintiffs contend that Defendants failed to provide them and other similarly situated workers with meal and rest breaks, failed to pay the compensation due to them for missed meal and rest breaks and overtime work, failed to provide them with proper documentation concerning their hours worked and their compensation as required by state law and failed to meet other legal requirements, all of which violate various provisions of the Labor Code and IWC Wage Orders, with respect to their employment.

## PARTIES

3.     Plaintiffs reside in Los Angeles and Orange counties, California.  Each of the Plaintiffs and all members of the Plaintiff Class as defined below are, were, or will be employed by the Defendants, within the State of California during the relevant statutory period.

2

**CLASS ACTION COMPLAINT**

1       4.      On information and belief, ARAMARK CORPORATION, ARAMARK

2    SPORTS, INC. and ARAMARK SPORTS, LLC are corporations organized under the laws of

3    the State of Delaware, headquartered in the Commonwealth of Pennsylvania, and doing business

4    throughout the State of California.  On information and belief, Defendants provide food services

5    and general facilities management services to large sporting and entertainment venues as well as

6    to large corporate facilities in the Counties of Alameda, Santa Clara, Los Angeles and Orange

7    through its Business and Industry Division and the Sports and Entertainment Division.

8       5.      Plaintiffs bring their claims on behalf of themselves and a class of all persons

9    similarly situated ("Plaintiff Class") which consists of all nonexempt current, former, and future

10   employees employed at various locations operated by Defendants in the State of California,

11   including but not limited to those employed through their Business and Industry Division and

12   their Sports and Entertainment division, whose job categories include or included, but are not

13   limited to, that of server, bartender, concession stand worker, concessions stand lead or stand

14   lead, warehouse worker, cook, utility worker, kitchen worker, cashier, catering worker, sous

15   chef/cafeteria worker, prep cook, food preparer, grill cook, food & beverage supervisor,

16   dishwasher, and/or room service worker during the relevant statutory period ("Class Period").

17   Plaintiff Class members are current, former, and future employees employed at the following

18   locations where Defendants provide services through their Business and Industry Division and

19   Sports and Entertainment Division: AT&T- Pasadena; AT&T LBA Realty- Los Angeles; Candle

20   Corporation- El Segundo; Metropolitan Transit Authority (MTA) Gateway Center- Los Angeles;

21   Neutrogena Corporation- Los Angeles; Northrum Grumman- Redondo Beach; Anheuiser-Busch

22   Corporation- Van Nuys; Boeing Corporation- Huntington Beach; Boeing Corporation- Seal

23   Beach; Boeing Corporation-Long Beach; Honda Center- Anaheim; The Shrine Auditorium- Los

24   Angeles; The Forum- Inglewood; The Galean Center- Los Angeles; The Greek Theater- Los

25   Angeles; The Los Angeles Convention Center- Los Angeles; Angel's Stadium- Anaheim and The

26   Anaheim Convention Center- Anaheim;  KLA-Tenco - San Jose; KLA - Milpitas; Garden City

27   Casino - San Jose; KPMG - Mountain View; Symantec -Mountain View and Cupertino; AT&T -

28   San Ramon; San Ramon;  HP Pavilion - San Jose; Santa Clara Convention Center - Santa Clara;

1 | AMD - Sunnyvale; Nvidia - Santa Clara.

2 |     6.     Plaintiffs and the Plaintiff Class did not and do not receive the meal or rest breaks,

3 | or compensation for missed breaks, to which they were and are entitled under Labor Code §

4 | 226.7 and IWC Wage Orders. Plaintiffs and the Plaintiff Class were and are not compensated in

5 | the amounts required by the Labor Code and the IWC Wage Orders promulgated pursuant

6 | thereto. Plaintiffs and the Plaintiff Class were and are not paid in accordance with the overtime

7 | requirements of the Labor Code and the IWC Wage Orders promulgated thereto. Plaintiffs and

8 | the Plaintiff Class who are no longer working for Defendants were not paid all of the wages due

9 | and owing upon the termination of their employment or at any time thereafter, in violation of

10 | Labor Code § 203. Defendants' failure to provide Plaintiffs and the Plaintiff class with required

11 | meal and rest breaks, or compensate them for missed breaks and overtime work, and to pay them

12 | all of the wages due and owing upon the termination of their employment or at any time

13 | thereafter, was and is a result of unlawful policies and practices that were commonly applied to

14 | Plaintiffs and the Plaintiff Class.

15 |     7.     Plaintiffs also bring this action on behalf of themselves, the general public, and all

16 | others similarly situated pursuant to Business and Professions Code §§ 17200, et seq.

17 |     8.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein

18 | as DOES 1 through 200, inclusive, and therefore sue these defendants by such fictitious names

19 | and capacities. Plaintiffs will seek leave to amend this complaint to allege the true names and

20 | capacities of said fictitiously-named defendants once they have been ascertained. Plaintiffs are

21 | informed and believe, and on that basis allege, that at all relevant times, each of the

22 | fictitiously-named defendants was an agent or employee of the named Defendants and/or was

23 | acting within the course and scope of said agency or employment at the time of the events herein

24 | alleged, and/or was acting directly or indirectly in the interest of Defendants in relation to

25 | Plaintiffs and the Plaintiff Class. Plaintiffs are further informed and believe and on that basis

26 | allege that each of the fictitiously-named defendants aided and assisted the named Defendants in

27 | committing the wrongful acts alleged herein, and that Plaintiffs' damages, as alleged herein, were

28 | proximately caused by such defendants. To the extent that the conduct and omissions alleged

4

1 | herein were perpetrated by one or more defendants, the remaining defendants confirmed and
2 | ratified said conduct and omissions.

3 |     9.    Plaintiffs are informed and believe and thereupon allege that at all times material
4 | herein, each defendant named herein, including DOES 1 through 200, acted as the agent, joint
5 | venturer, representative, or alter ego of or for the other defendants, and all aided and abetted the
6 | wrongful acts of the others.

7 | **FACTUAL ALLEGATIONS**

8 |     10.    Throughout the relevant statutory period, Plaintiffs and all members of the
9 | Plaintiff Class are and were nonexempt employees of Defendants, entitled to all of the
10 | protections afforded to nonexempt employees under the Labor Code and applicable IWC Wage
11 | Orders.

12 |     11.    At all relevant times, Defendants failed to (1) provide Plaintiffs and the Plaintiff
13 | Class meal and rest periods as required by the applicable IWC Wage Orders; (2) pay Plaintiffs
14 | and the Plaintiff Class compensation required by the Labor Code for missed meal and rest
15 | periods; (3) provide proper wage statements as required by law; (4) pay members of the Plaintiff
16 | Class for all the time that they performed work for Defendants; (5) pay members of the Plaintiff
17 | Class proper compensation for certain overtime hours worked; (6) pay members of the Plaintiff
18 | Class who resigned or were terminated the wages due to them at the time they left their
19 | employment; (7) comply with other requirements of those statutes as alleged herein

20 |     12.    The failure and/or refusal to provide meal and rest breaks, the underpayment of
21 | wages and the failure to provide accurate wage statements to the Plaintiffs and the Plaintiff Class
22 | is a consequence of Defendants' unlawful compensation and labor policies and practices which
23 | were centrally devised, implemented, communicated, and applied to all members of the Plaintiff
24 | Class. These unlawful practices include, but are not limited to, the following: (a) failure to
25 | permit employees to take meal and rest breaks required by law; (b) failure to include the time
26 | employees spend working through their required breaks in the number of hours worked for
27 | compensation purposes; (c) failure to include the time employees spend working before and/or
28 | after their scheduled shift in the number of hours worked for compensation purposes; (d) failure

1   to pay required compensation for missed break time pursuant to Labor Code § 226.7 and

2   applicable IWC Wage Orders; (e) failure to pay waiting time penalties required by Labor Code §

3   203; (f) failure to keep legally-required records, including but not limited to accurate records of

4   hours worked;  (g) failure to provide accurate wage statements; and (i) other violations of the

5   Labor Code and applicable IWC Wage Orders according to proof.

6      13. As a result of Defendants' unlawful conduct, Plaintiffs and the Plaintiff Class

7   have been and continue to be systematically deprived of the wages to which they are entitled by

8   law, and deprived of other benefits under the Labor Code and applicable IWC Wage Orders, to

9   the detriment of themselves, their families, and to the public at large.

10      14. California law requires employers to provide meal and rest breaks to non-exempt

11   employees at specified intervals.

12      15. Plaintiffs and the Plaintiff Class were not and are not provided with meal and rest

13   breaks consistent with the Labor Code and applicable IWC Wage Orders.  Defendants have

14   denied and/or failed to provide Plaintiffs and members of the Plaintiff Class proper meal and rest

15   breaks as required by the Labor Code and applicable IWC Wage Order by scheduling and/or

16   requiring them to work through their shifts without taking their meal and rest breaks at the proper

17   intervals.  Plaintiffs and members of the Plaintiff Class did not receive the meal or rest breaks, or

18   compensation for missed breaks, to which they are entitled under Labor Code § 226.7 and IWC

19   Wage Orders.   As part of their practices Defendants required Plaintiffs and members of the

20   Plaintiff Class to work longer than four hours at a time without taking a 10 minute rest break as

21   required by Labor Code §226.7 and applicable IWC Wage Orders.   Defendants required

22   Plaintiffs and members of the Plaintiff Class to work an entire shift of over five hours without

23   being allowed to take an uninterrupted 30 minute meal break as required by Labor Code §512

24   and applicable IWC Wage Orders.  Defendants' failure to compensate Plaintiffs and the Plaintiff

25   Class as required and to provide them with required breaks, or compensation for missed breaks,

26   is and was a result of unlawful policies and practices that were commonly applied to all members

27   of the Plaintiff Class.  On information and belief, at all times material herein, Defendants have

28   given no written instructions to Plaintiff Class members' immediate supervisors about complying

1    with California's meal and rest break laws, and Defendants have failed to establish any system to

2    ensure compliance with these California laws.

3          16.      On information and belief, at all times material herein, rather than paying

4    members of the Plaintiff Class for the entire time they work during their shift, Defendants have

5    engaged in the practice of paying workers only for the hours they were scheduled to work even if

6    the workers had arrived at their work site, punched in and performed work-related task as

7    requested by their supervisors prior to their scheduled shifts. As a result, Defendants have and

8    continue to miscalculate and substantially underpay Plaintiffs and the Plaintiff Class for regular

9    hours worked and overtime compensation they earned, in violation of the Labor Code and

10    applicable Wage Orders.

11                        **CLASS ALLEGATIONS**

12          17.      <u>Proposed Class and Nature Of The Class Claims</u>. The individual Plaintiffs, as

13    Class Representatives, bring this action on their own behalf and on behalf of a class comprised of

14    all nonexempt current, former, and future employees employed at various locations in California

15    through Defendants' Business and Industry Division and Sports and Entertainment Division, who

16    have performed services for Defendants at various locations in Northern and Southern California

17    including but not necessarily limited to: AT&T- Pasadena; AT&T LBA Realty- Los Angeles;

18    Candle Corporation- El Segundo; Metropolitan Transit Authority (MTA) Gateway Center- Los

19    Angeles; Neutrogena Corporation- Los Angeles; Northrum Grumman- Redondo Beach;

20    Anheuiser-Busch Corporation- Van Nuys; Boeing Corporation- Huntington Beach; Boeing

21    Corporation- Seal Beach; Boeing Corporation-Long Beach; Honda Center- Anaheim; The Shrine

22    Auditorium- Los Angeles; The Forum- Inglewood; The Galen Center- Los Angeles; The Greek

23    Theater- Los Angeles; The Los Angeles Convention Center- Los Angeles; Angel's Stadium-

24    Anaheim and The Anaheim Convention Center- Anaheim; KLA-Tenco - San Jose; KLA -

25    Milpitas; Garden City Casino - San Jose; KPMG - Mountain View; Symantec -Mountain View

26    and Cupertino; AT&T - San Ramon; San Ramon;  HP Pavilion - San Jose; Santa Clara

27    Convention Center - Santa Clara; AMD - Sunnyvale; Nvidia - Santa Clara.

28          18.      <u>Numerosity</u>. The size of the Plaintiff Class makes a class action both necessary

**CLASS ACTION COMPLAINT**

and efficient.  On information and belief, Plaintiffs estimate that the Plaintiff Class consists of at least six hundred current and former employees, and an indefinite number of future employees. Members of the Plaintiff Class are ascertainable but so numerous that joinder is impracticable. The Plaintiff Class includes future class members whose joinder is inherently impossible.

19.     Typicality.  The claims of the Class Representatives are typical of the claims of the class as a whole.  Each of the Class Representatives is and/or was employed by Defendants during the relevant statutory period.  Each of the Class Representatives was underpaid, and continues to be underpaid, because of Defendants' unlawful employment policies and practices. The unlawful policies and practices that have operated to deny the Class Representatives wages, penalties, meal and rest periods, and other compensation, benefits, and protections required by law are typical of the unlawful practices that have and will continue to operate to deny other class members the compensation and benefits to which they are entitled.

20.     Common Questions Of Law And Fact.  This case poses common questions of law and fact affecting the rights of all class members, including but not limited to:

(a) Whether the following compensation policies and practices are unlawful under the Labor Code and/or IWC Wage Orders:

(i) Failure to permit employees to take meal and rest breaks required by California law;

(ii) Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;

(iii) Failure to pay required compensation for missed break time pursuant to Labor Code § 226.7 and applicable IWC Wage Orders;

(iv) Failure to properly calculate and pay legally-required overtime compensation;

(v) Failure to pay waiting time penalties required by Labor Code § 203;

(vi) Failure to keep legally-required records, including but not limited to accurate records of hours worked; and

(vii) Failure to provide accurate wage statements;

(b) What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and

CLASS ACTION COMPLAINT

1    (c) Other questions of law and fact.

2    21.    Adequacy Of Class Representation.  The Class Representatives can adequately

3    and fairly represent the interests of the Plaintiff Class as defined above, because their individual

4    interests are consistent with, not antagonistic to, the interests of the class.

5    22.    Adequacy Of Counsel For The Class.  Counsel for Plaintiffs possess the requisite

6    resources and ability to prosecute this case as a class action and are experienced labor and

7    employment attorneys who have successfully litigated other cases involving similar issues.

8    23.    Propriety of Class Action Mechanism.  Class certification is appropriate because

9    Defendants have implemented a scheme which is generally applicable to the Plaintiff Class,

10   making it appropriate to issue final injunctive relief and corresponding declaratory relief with

11   respect to the class as a whole.  Class certification is also appropriate because the common

12   questions of law and fact predominate over any questions affecting only individual members of

13   the class.  Further, the prosecution of separate actions against Defendants by individual class

14   members would create a risk of inconsistent or varying adjudications which would establish

15   incompatible standards of conduct for Defendants.  For all these and other reasons, a class action

16   is superior to other available methods for the fair and efficient adjudication of the controversy set

17   forth in this complaint.

18                       **ALLEGATIONS OF CLASS REPRESENTATIVES**

19   24.    Genaro Zendejas Morales.  Mr. Morales worked as a chef for Defendants at the

20   AT&T cafeteria in Pasadena from 2004 until February 2008. Mr. Morales was regularly required

21   to work through his rest and meal breaks due to Defendants' failure to provide someone to cover

22   his responsibilities during his break time and the amount and type of work he was responsible

23   for. Mr. Morales repeatedly complained about not receiving his breaks and requested that

24   Defendants send someone to cover for him during his breaks.  Defendants also regularly failed to

25   compensate Mr. Morales for all of the regular and overtime hours that he worked.  Defendants

26   also failed to provide Mr. Morales with accurate wage statements throughout his time with the

27   company and to compensate him appropriately when he left his employment with them.

28   25.    Ricky Silva.  Mr. Silva has been a concession stand worker at Angels Stadium in

1  Orange County since 2006.  Mr. Silva is regularly required to work through his rest and meal

2  breaks due to Defendants' requirements and his work responsibilities.  Defendants also failed to

3  provide Mr. Silva with accurate wage statements throughout his time with the company.

4      26.    Christian Sanchez.  Mr. Sanchez has worked at the Honda Center since 2002 in a

5  variety of positions, including food preparation, cashier, concession stand worker and bartender.

6  Mr. Sanchez is regularly required to work through his rest and meal breaks due to Defendants'

7  requirements and his work responsibilities.  Defendants also failed to provide Mr. Silva with

8  accurate wage statements throughout his time with the company.

9

10                      **FIRST CAUSE OF ACTION**

11                 **For Failure to Provide Meal and Rest Periods**

12           **by Plaintiffs Individually and on Behalf of The Plaintiff Class**

13                 **(California Labor Code Sections 226.7, 512)**

14      27.    Plaintiffs reallege and incorporate by reference each and every allegation

15  contained in the foregoing paragraphs as if fully set forth herein.

16      28.    During the Class Period, Defendants routinely failed to provide the Plaintiffs and

17  the Plaintiff Class with meal and rest periods during their work shifts, and failed to compensate

18  them for said meal and rest periods, as required by California Labor Code sections 226.7, 512

19  and the other applicable IWC Wage Orders.

20      29.    As alleged herein, Plaintiffs and the Plaintiff Class were and are not exempt from

21  the meal and rest period requirements of the Labor Code and applicable IWC Wage Orders.

22      30.    Plaintiffs and the Plaintiff Class have been deprived of their rightfully earned

23  compensation for missed meal and rest periods as a direct and proximate result of Defendants'

24  failure and refusal to pay said compensation.  Plaintiffs and the Plaintiff Class are entitled to

25  recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon,

26  attorney's fees and costs.

27      31.    In committing the foregoing acts, Defendants acted oppressively, maliciously,

28  fraudulently, and/or outrageously toward Plaintiffs and the Plaintiff Class, with conscious

1    disregard for their known rights and with the intention of causing, and/or willfully disregarding
2    the probability of causing, unjust and cruel hardship to Plaintiffs and the Plaintiff Class.  In so
3    acting, Defendants intended to and did vex, injure and annoy Plaintiffs and the Plaintiff Class.
4    Therefore, an assessment of punitive damages should be made against Defendants in an amount
5    sufficient to punish them and to prevent them from willfully engaging in future unlawful
6    conduct.

7                              **SECOND CAUSE OF ACTION**

8                              **For Nonpayment of Wages**

9           **by Plaintiffs Individually and on Behalf of the Plaintiff Class**

10     **(California Labor Code Sections 1182, et seq., 204, 210, 218.5 & 218.6)**

11           32.    Plaintiffs reallege and incorporate by reference each and every allegation
12    contained in the foregoing paragraphs as if fully set forth herein.

13           33.    Defendants have ordered and/or caused members of the Plaintiff Class to work
14    during missed meal periods, but refused to pay for the work performed during these periods.
15    Through a system of rounding off workers hours in calculating compensation, Defendants have
16    also failed and/or refused to pay members of the Plaintiff Class for their work performed while at
17    their work site either before or after their scheduled shift despite having clocked in and
18    performed tasks as requested by their supervisors.  As a result of these and other acts, Defendants
19    have failed to pay the members of the Plaintiff Class minimum wage.  Defendants have refused
20    to pay the Class Members all accrued wages and compensation earned by such Class Members
21    within the time limits prescribed under Labor Code section 204.

22           34.    In committing the forgoing acts and engaging in the forgoing practices,
23    Defendants have violated the California Labor Code and are liable for penalties pursuant to
24    California Labor Code Sections 204 and 210 as well as the applicable civil penalties under Labor
25    Code Section 2699, subdivision (f), for past violations of Labor Code Section 204.

26                              **THIRD CAUSE OF ACTION**

27           **For Failure to Keep and Furnish Accurate Wage Statements**

28           **by Plaintiffs Individually and on Behalf of the Plaintiff Class**

                              **CLASS ACTION COMPLAINT**

**(California Labor Code Section 226)**

35.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36.     Defendant has failed to furnish the members of the Plaintiff Class with itemized wage statements that accurately reflect (a) the additional hour of compensation owed members of the Plaintiff Class for each shift that a mandated meal or rest period is not provided, and (b) the overtime compensation owed to the Plaintiff Class, but concealed by Defendants' Rounding-Off Method.

37.     Defendant has failed to maintain records of itemized wage statements that accurately reflect (a) the additional hour of compensation owed to the Plaintiff Class for each shift that a mandated meal or rest period is not provided, and (b) the overtime compensation owed to members of the Plaintiff Class, but concealed by Defendants' Rounding-Off Method.

38.     Defendants' failure to maintain records of, and furnish to members of the Plaintiff Class, accurate, itemized wage statements resulted in the members of the Plaintiff Class suffering injury, as said failures led to the nonpayment of the class members' earned compensation for missed meal and rest periods, and overtime.

39.     On information and belief, Plaintiffs allege that Defendant's said failure to furnish and maintain records of accurate, itemized wage statements is, and was, knowing and intentional.

40.     Based on Defendant's conduct as alleged herein, Defendant is liable for civil penalties pursuant to California Labor Code §§ 226 and 226.3, as well as for the applicable civil penalties, provided for in Labor Code section 2699, subdivision (f), for the past violations of California Labor Code § 226.

41.     Pursuant to Labor Code § 226, subdivision (g), an injunction should be issued to stop Defendants from violating its legal obligation to maintain records of, and furnish to employees, itemized wage statements accurately reflecting (1) the additional hour of compensation owed to employees for each shift that a mandated meal or rest period is not provided, and (2) the overtime compensation owed to Class Members, but concealed by Defendant's Rounding-Off Method.  If Defendant is not enjoined from the conduct set forth

1    above, it will continue to violate its legal obligation to maintain and furnish such records. Thus,

2    there is threatened future harm and/or continuing violation, which justifies injunctive relief.

3        42.     Plaintiffs, therefore, request the Court to issue a preliminary and permanent

4    injunction requiring Defendant to properly maintain records of, and furnish to employees,

5    itemized wage statements accurately reflecting (1) the additional hour of compensation owed to

6    employees for each shift that a mandated meal or rest period is not provided; (2) the total hours

7    worked by these employees for missed meal periods; and (3) the regular and overtime

8    compensation owed to members of the Plaintiff Class, but concealed by Defendants'

9    Rounding-Off Method.

10                         **FOURTH CAUSE OF ACTION**

11                  **For Failure to Pay Overtime Compensation**

12       **by Plaintiffs Individually and on Behalf of the Plaintiff Class**

13           **(California Labor Code Sections 510, 1194, 1194.2)**

14        43.     Plaintiffs reallege and incorporate by reference each and every allegation

15    contained in the foregoing paragraphs as if fully set forth herein.

16        44.     During the Class Period, Defendants routinely required Plaintiffs and the Plaintiff

17    Class to work before and/or after their shift without compensation and used a rounding off

18    method to pay Plaintiffs and the Plaintiff class only for those hours reflected on their schedule.

19    Additionally, Defendants routinely required Plaintiffs and the Plaintiff Class to work more than

20    eight hours per day, more than twelve hours per day, and more than 40 hours per workweek.

21    Additionally, Defendants on occasion required Plaintiffs and the Plaintiff Class Members to

22    work more than six days in seven.

23        45.     At all relevant times, Defendants failed to properly calculate, substantially

24    underpaid, and/or refused to pay Plaintiffs and the Plaintiff Class overtime compensation

25    required by the Labor Code and applicable IWC Wage Orders.

26        46.     As alleged herein, Plaintiffs and the Plaintiff Class were and are not exempt from

27    the overtime compensation requirements of the Labor Code and applicable IWC Wage Orders.

28        47.     Plaintiffs and the Plaintiff Class have been deprived of their rightfully earned

**CLASS ACTION COMPLAINT**

overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. The Class Members, including Plaintiffs, are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

48.     In addition, pursuant to California Labor Code Section 1994.2, Plaintiffs and the Plaintiff Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

49.     In committing the foregoing acts, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously toward Plaintiffs and the Plaintiff Class, with conscious disregard for their known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiffs and the Plaintiff Class. In so acting, Defendants intended to and did vex, injure and annoy Plaintiffs and the Plaintiff Class. Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

## FIFTH CAUSE OF ACTION

### For Waiting Time Penalties

### by Plaintiffs Individually and on Behalf of The Plaintiff Class

### (California Labor Code Sections 201 through 203)

50.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51.     During the Class Period, Defendants failed to pay members of the Plaintiff Class who resigned or were terminated the wages due to them at the time they left their employment. As a result, these members of the Plaintiff Class are entitled to recover waiting time penalties equal to thirty days' pay pursuant to Labor Code § 203.

## SIXTH CAUSE OF ACTION

### For Unfair Competition

### by Plaintiffs Individually on behalf of The Plaintiff Class Members and the Public

### (California Business & Professions Code Section 17200, et seq.)

14

1       52.     Plaintiffs reallege and incorporate by reference each and every allegation

2 contained in the foregoing paragraphs as if fully set forth herein.

3       53.     This claim is brought by the Plaintiffs on behalf of themselves, the Plaintiff Class,

4 and the general public, pursuant to Business and Professions Code §§ 17200, et seq. Defendants'

5 conduct as alleged herein has been, and continues to be, an unfair, unlawful, and fraudulent

6 business practice which has been and continues to be deleterious to Plaintiffs and to those

7 similarly situated and to the general public. Business and Professions Code §§ 17200, et seq.

8 prohibits unlawful, unfair, and fraudulent business practices. Plaintiffs seek to enforce important

9 rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

10       54.     Plaintiffs are "persons" within the meaning of Business and Professions Code §

11 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other

12 appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the

13 general public.

14       55.     Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum

15 labor standards vigorously, to ensure that employees are not required or permitted to work under

16 substandard and unlawful conditions, and to protect employers who comply with the law from

17 those who attempt to gain a competitive advantage by failing to comply with minimum labor

18 standards.

19       56.     Through the conduct alleged herein, Defendants have acted contrary to these

20 public policies, have violated specific provisions of the Labor Code, and have engaged in other

21 unlawful and unfair business practices in violation of Business and Professions Code §§ 17200,

22 et seq., depriving the Plaintiffs, members of the Plaintiff Class, and other interested persons of

23 rights, benefits, and privileges guaranteed to all employees in California.

24       57.     At all times relevant to this action, Defendants have committed unfair and

25 unlawful business practices within the meaning of Business & Professions Code §§ 17200, et

26 seq. by engaging in conduct which includes, but is not limited to, failing to properly calculate

27 and pay legally-required overtime compensation, failing to provide meal and rest breaks, failing

28 to pay compensation for missed break time, failing to pay for time spent working through

1 | required breaks, and failing to pay waiting time penalties as required by law.

2 |     58.     As a direct and proximate result of these unfair business practices, Defendants

3 | have received and continue to receive funds that rightfully belong to Plaintiffs.

4 |     59.     Plaintiffs are entitled to, and hereby seek such relief as may be necessary to

5 | restore to them the funds of which Plaintiffs have been deprived, by means of Defendants'

6 | unlawful and unfair business practices.

7 |     60.     Pursuant to Business and Professions Code § 17203, injunctive relief is necessary

8 | to prevent Defendants from continuing to engage in unfair business practices as alleged herein.

9 | Defendants, and persons acting in concert with them, have done, are now doing, and will

10 | continue to do or cause to be done, the above-described unlawful acts unless restrained and

11 | enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions

12 | will result.  Plaintiffs have no plain, speedy, or adequate remedy at law, in that it is difficult to

13 | measure the amount of monetary damages that would compensate Plaintiffs or the general public

14 | for Defendants' wrongful acts.  Further, pecuniary compensation alone would not afford adequate

15 | and complete relief.  The above-described acts will cause great and irreparable damage to

16 | Plaintiffs and the general public if injunctive relief is not granted.

17 |                         **SEVENTH CAUSE OF ACTION**

18 |           **For Recovery of Civil Penalties under the Private Attorney General Act**

19 |                 **(California Labor Code Sections 2698, et seq.)**

20 |     61.     Plaintiffs reallege and incorporate by reference each and every allegation

21 | contained in the foregoing paragraphs as if fully set forth herein.

22 |     62.     Defendants have committed several Labor Code violations against the members of

23 | the Plaintiff Class in California.

24 |     63.     Plaintiffs, each an "aggrieved employee" within the meaning of Labor Code

25 | section 2698, et seq., acting on behalf of themselves and other members of the Plaintiff Class,

26 | bring this action to recover the civil penalties allowed under Labor Code section 2698, et seq.,

27 | including, but not limited to, the penalties provided in Labor Code sections 558 and 2699 for the

28 | following knowing and intentional Labor Code violations:

**CLASS ACTION COMPLAINT**

1    (a)    Refusing to provide meal and rest periods to the members of the Plaintiff Class, in

2    violation of Labor Code sections 512 and 226.7;

3    (b)    Refusing to pay the members of the Plaintiff Class an additional hour of

4    compensation for every shift that a mandated meal or rest period is not provided, in violation of

5    Labor Code section 226.7;

6    (c)    Refusing to pay the members of the Plaintiff Class for work performed during

7    missed meal periods;

8    (d)    Refusing to pay the members of the Plaintiff Class earned overtime compensation;

9    (e)    Refusing to pay all wages and compensation earned by the members of the

10   Plaintiff Class within the time limits required under Labor Code section 204;

11   (f)    Refusing to pay all wages and compensation earned by the members of the

12   Plaintiff Class within seventy-two hours of termination, in violation of Labor Code sections 201

13   and 202; and

14   (g)    Refusing to maintain records of, and furnish to members of the Plaintiff Class,

15   accurate, itemized wage statements, in violation of Labor Code section 226.

16   64.    Plaintiffs were compelled to retain the services of counsel to file this court action

17   to protect their interests and those of other members of the Plaintiff Class, and to assess and

18   collect the civil penalties owed by Defendants.  Plaintiffs have thereby incurred attorneys' fees

19   and costs, which they are entitled to recover under California Labor Code section 2699.

**PRAYER FOR RELIEF**

21   WHEREFORE, Plaintiffs respectfully pray that this Court award relief as follows:

22   1.    An order certifying this case as a class action;

23   2.    Unpaid wages, and statutory penalties, according to proof;

24   3.    Liquidated damages pursuant to California Labor Code § 1194.2(a);

25   4.    Preliminary and permanent injunctions enjoining and restraining Defendants from

26   continuing the unfair and unlawful business practices set forth above and requiring the

27   establishment of appropriate and effective means to prevent future violations;

28   5.    Restitution of all unpaid wages and benefits due as a result of Defendants'

17

CLASS ACTION COMPLAINT

1 | unlawful and unfair business practices, according to proof;

2 |       6.     Declaratory relief;

3 |       7.     Reasonable attorneys' fees and costs;

4 |       8.     Interest accrued on damages and penalties pursuant to Labor Code § 218.6 and

5 | Civil Code § 3287;

6 |       9.     Punitive damages; and

7 |       10.    Such other and further relief as the Court deems just and proper.

9 | DATED: July 29, 2009

Respectfully submitted,
HADSELL STORMER KEENY
RICHARDSON & RENICK, LLP

By

Randy Renick
Attorneys for Plaintiffs

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED: July 29, 2009

Respectfully submitted,

HADSELL STORMER KEENY
RICHARDSON & RENICK, LLP

By

Randy Renick
Attorneys for Plaintiffs

18

**CLASS ACTION COMPLAINT**