JOHN S. BATTENFELD, State Bar No. 119513
email: jbattenfeld@morganlewis.com
JASON S. MILLS, State Bar No. 225126
email: jmills@morganlewis.com
DONNA MO, State Bar No. 240621
email: dmo@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California 90071-3132
Tel. 213.612.2500
Fax: 213.612.2501

Attorneys for Defendants
ARAMARK CORPORATION and ARAMARK
SPORTS, LLC (formerly ARAMARK SPORTS, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERO ZENDEJAS MORALES, RICKY SILVA and CHRISTIAN SANCHEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ARAMARK CORPORATION, a Delaware Corporation formerly known as ARAMARK SERVICES, INC.; ARAMARK SPORTS, INC., ARAMARK SPORTS, LLC and DOES 1-200, inclusive, <br><br> Defendants. | Case No. CV09-5565 FMC(MLGx) <br><br> **ANSWER TO CLASS ACTION COMPLAINT** <br><br> Assigned To: <br> The Honorable Florence-Marie Cooper |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/63480154.2

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants ARAMARK Corporation and ARAMARK Sports, LLC (formerly ARAMARK Sports, Inc.) (collectively, "Defendants"), hereby answer, by corresponding paragraph numbers, Plaintiffs Genero Zendejas Morales, Ricky Silva and Cristian Sanchez ("Plaintiffs") Class Action Complaint ("Complaint"). For convenience, Defendants use the same headings used by Plaintiffs in their Complaint.

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to Plaintiff's allegations that they are residents of Los Angeles and Orange counties, and therefore deny those allegations. Defendants admit that Plaintiff Silva is an employee of ARAMARK Sports, LLC, and that Plaintiff Morales is a former employee of ARAMARK Corporation, both of whom were classified as non-exempt and who were paid on an hourly basis. Defendants admit that Plaintiff Sanchez is a current employee of Defendant ARAMARK Sports, LLC, who was and is classified as non-exempt and who was and is paid on an hourly basis. Defendants admit that Plaintiff Morales worked at the AT&T Pasadena cafeteria, that Plaintiff Silva worked at Angel Stadium, and that Plaintiff Sanchez worked at the Honda Center. Defendants deny each and every remaining allegation contained in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendants deny each and every allegation contained in Paragraph 2.

## PARTIES

3. Answering Paragraph 3 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to Plaintiffs' residence and therefore deny those allegations. Defendants admit that Plaintiff Silva is an employee of ARAMARK Sports, LLC, and that Plaintiff Morales is a former employee of ARAMARK Corporation. Defendants admit that Plaintiff Sanchez is a current

1  employee of Defendant ARAMARK Sports, LLC. Defendants deny each and every
2  remaining allegation contained in Paragraph 3.

3      4.    Answering Paragraph 4 of the Complaint, Defendants admit that
4  ARAMARK Corporation is a corporation organized under the laws of the State of
5  Delaware and headquartered in Pennsylvania, and that ARAMARK Corporation
6  does business in the State of California. Defendants admit that ARAMARK Sports,
7  LLC (formerly ARAMARK Sports, Inc.) is a limited liability corporation organized
8  under the laws of the State of Delaware and headquartered in Pennsylvania, and
9  that ARAMARK Sports, LLC does business in the State of California. Defendants
10 admit that one or more of the Defendants provides food services and general
11 facilities management services to large sporting and entertainment venues, as well
12 as to large corporate facilities, and that some of those venues and facilities are
13 located in the Counties of Alameda, Santa Clara, Los Angeles and Orange.
14 Defendants deny each and every remaining allegation contained in Paragraph 4.

15     5.    Answering Paragraph 5 of the Complaint, Defendants aver that the
16 allegations set forth therein are not factual assertions requiring a response. To the
17 extent a response is required, Defendants deny each and every allegation contained
18 in Paragraph 5.

19     6.    Answering Paragraph 6 of the Complaint, Defendants deny each and
20 every allegation contained therein.

21     7.    Answering Paragraph 7 of the Complaint, Defendants aver that the
22 allegations set forth therein are conclusions of law and legal argument to which no
23 response is required. To the extent a response is required, Defendants deny each
24 and every allegation contained in Paragraph 7.

25     8.    Answering Paragraph 8 of the Complaint, Defendants deny each and
26 every allegation contained therein. Defendants further affirmatively aver that
27 Plaintiffs may not maintain an action against "Doe" defendants, and demand that
28

1  the "Doe" defendants be stricken in accordance with <u>Gillespie v. Civiletti</u>, 629 F.2d
2  637, 642 (9th Cir. 1980).
3      9.   Answering Paragraph 9 of the Complaint, Defendants deny each and
4  every allegation contained therein.

**FACTUAL ALLEGATIONS**

6      10.  Answering Paragraph 10 of the Complaint, Defendants aver that the
7  allegations set forth therein are conclusions of law and legal argument to which no
8  response is required.  To the extent a response is required, Defendants deny each
9  and every allegation contained in Paragraph 10.
10     11.  Answering Paragraph 11 of the Complaint, Defendants deny each and
11 every allegation contained therein.
12     12.  Answering Paragraph 12 of the Complaint, Defendants deny each and
13 every allegation contained therein.
14     13.  Answering Paragraph 13 of the Complaint, Defendants deny each and
15 every allegation contained therein.
16     14.  Answering Paragraph 14 of the Complaint, Defendants aver that the
17 allegations set forth therein are conclusions of law to which no response is required.
18 To the extent a response is required, Defendants deny each and every allegation
19 contained in Paragraph 14.
20     15.  Answering Paragraph 15 of the Complaint, Defendants deny each and
21 every allegation contained therein.
22     16.  Answering Paragraph 16 of the Complaint, Defendants deny each and
23 every allegation contained therein.
24     17.  Answering Paragraph 17 of the Complaint, Defendants aver that the
25 allegations set forth therein are not factual assertions requiring a response.  To the
26 extent a response is required, Defendants deny each and every allegation contained
27 in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the allegations contained therein, and therefore deny each and every allegation contained in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 23.

**ALLEGATIONS OF CLASS REPRESENTATIVES**

24. Answering Paragraph 24 of the Complaint, Defendants admit that Plaintiff Morales was employed by ARAMARK Corporation from December 2004 to February 2008, and worked in the cafeteria at AT&T Pasadena. Defendants deny each and every remaining allegation contained in Paragraph 24.

25. Answering Paragraph 25 of the Complaint, Defendants admit that Plaintiff Silva worked in concessions at Angel Stadium from March 2007 to May 2009 and was rehired in August 2009. Defendants deny each and every remaining allegation set forth in Paragraph 25.

26. Answering Paragraph 26 of the Complaint, Defendants admit that Plaintiff Sanchez has worked since 2005 at the Honda Center, and that he has held various positions during his tenure. Defendants deny each and every remaining allegation set forth in Paragraph 26.

## FIRST CAUSE OF ACTION

27. Answering Paragraph 27 of the Complaint, Defendants incorporate by reference herein each of their prior answers to Paragraphs 1-26.

28. Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Plaintiffs have stipulated to striking this Paragraph such that no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 31.

## SECOND CAUSE OF ACTION

32. Answering Paragraph 32 of the Complaint, Defendants incorporate by reference herein each of their prior answers to Paragraphs 1-31.

33. Answering Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

### THIRD CAUSE OF ACTION

35. Answering Paragraph 35 of the Complaint, Defendants incorporate by reference herein each of their prior answers to Paragraphs 1-34.

36. Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

38. Answering Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

39. Answering Paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

40. Answering Paragraph 40 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 40. Defendants further deny that any basis exists for the requested relief.

41. Answering Paragraph 41 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 41. Defendants further deny that any basis exists for the requested relief.

42. Answering Paragraph 42 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 42. Defendants further deny that any basis exists for the requested relief.

## FOURTH CAUSE OF ACTION

43. Answering Paragraph 43 of the Complaint, Defendants incorporate by reference herein each of their prior answers to Paragraphs 1-42.

44. Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45. Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46. Answering Paragraph 46 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 46.

47. Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

48. Answering Paragraph 48 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 48.

49. Answering Paragraph 49 of the Complaint, Plaintiffs have stipulated to striking this Paragraph such that no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 49.

## FIFTH CAUSE OF ACTION

50. Answering Paragraph 50 of the Complaint, Defendants incorporate by reference herein each of their prior answers to Paragraphs 1-49.

51. Answering Paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

//

//

//

## SIXTH CAUSE OF ACTION

52. Answering Paragraph 52 of the Complaint, Defendants incorporate by reference herein each of their prior answers to Paragraphs 1-51.

53. Answering Paragraph 53 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 53.

54. Answering Paragraph 54 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 54.

55. Answering Paragraph 55 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 55.

56. Answering Paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

57. Answering Paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein.

58. Answering Paragraph 58 of the Complaint, Defendants deny each and every allegation contained therein.

59. Answering Paragraph 59 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 59.

60. Answering Paragraph 60 of the Complaint, Defendants aver that the allegations set forth therein are not factual assertions requiring a response. To the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

extent a response is required, Defendants deny each and every allegation contained in Paragraph 60.

## SEVENTH CAUSE OF ACTION

61. Answering Paragraph 61 of the Complaint, Defendants incorporate by reference herein each of their prior answers to Paragraphs 1-60.

62. Answering Paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

63. Answering Paragraph 63 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law and legal argument to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 63.

64. Answering Paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief sought against Defendants in the Prayer, or to any relief whatsoever, on Plaintiffs' behalf individually or on behalf of the alleged putative class members they purport to represent, the existence of which is expressly denied.

## DEFENSES

Defendants assert the following defenses to the allegations set forth in the Complaint in this action.

## FIRST DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint and each alleged cause of action fails to state a claim upon which relief can be granted against Defendants.

## SECOND DEFENSE

### (Statute of Limitations)

2. The claims of Plaintiffs and some or all purported class members are barred or limited by the applicable statute(s) of limitations, including but not limited to, California Code of Civil Procedure sections 338, 339, and 340, Labor Code section 203, California Business & Professions Code section 17208, and 29 U.S.C. § 160(b).

## THIRD DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

3. The claims of Plaintiffs and of each putative class member they purport to represent are barred to the extent that they failed to exhaust their internal and/or administrative remedies.

## FOURTH DEFENSE

### (Lack of Standing)

4. The claims of Plaintiffs and the class they purport to represent are barred in whole or in part because Plaintiffs lack standing under Business and Professions Code section 17204 and the California Labor Code to bring these claims, and therefore cannot represent the interests of others as to each of the purported causes of action.

## FIFTH DEFENSE

### (Not Appropriate For Class Action)

5. The types of claims alleged in the Complaint on behalf of Plaintiffs and the purported class are matters in which individual questions predominate and, accordingly, Plaintiffs fail to satisfy any of the prerequisites for class certification as to any cause of action.

## SIXTH DEFENSE

### (Claims Not Common or Typical)

6. The claims alleged by the named Plaintiffs are neither common to nor typical of those, if any, of the alleged class Plaintiffs purport to represent.

## SEVENTH DEFENSE

### (Failure to Mitigate)

7. Plaintiffs' monetary claims, and the claims of the putative members of the purported class are barred, in whole or in part, because they have not appropriately or adequately mitigated their damages, if any.

## EIGHTH DEFENSE

### (Inadequate Representatives)

8. The Complaint fails, to the extent it asserts a class action, because Plaintiffs are not adequate representatives of the purported class.

## NINTH DEFENSE

### (17200 Action Unconstitutional)

9. Prosecution of a representative action and certification of the alleged class as representative of the general public under California Business and Professions Code section 17200, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

## TENTH DEFENSE

### (PAGA Action Unconstitutional)

10. Prosecution of a representative action under California Labor Code section 2698 et seq. (the Private Attorneys General Act), based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

## ELEVENTH DEFENSE
### (Superiority)

11. A class action is not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

## TWELFTH DEFENSE
### (Laches)

12. The claims of Plaintiffs and some or all purported class members, including claims for damages, are barred in whole or in part by the doctrine of laches.

## THIRTEENTH DEFENSE
### (Estoppel)

13. The claims of Plaintiffs and some or all purported class members are barred in whole or in part by their own conduct, actions, and inactions, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

## FOURTEENTH DEFENSE
### (Adequate Remedy At Law)

14. The claims of Plaintiffs and of each purported class member pursuant to California Business and Professions Code section 17200, and the sought after equitable remedies, are barred in light of the fact that Plaintiffs and each putative member of the class they purport to represent have an adequate remedy at law.

## FIFTEENTH DEFENSE
### (Waiver of Claims)

15. The claims of Plaintiffs and some or all purported class members are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

## SIXTEENTH DEFENSE

**(Unclean Hands)**

16. The claims of Plaintiffs and some or all purported class members are barred in whole or in part by the doctrine of unclean hands.

## SEVENTEENTH DEFENSE

**(Accord and Satisfaction)**

17. The claims of Plaintiffs and of each purported class member are barred in whole or in part by the doctrine of accord and satisfaction, and payment.

## EIGHTEENTH DEFENSE

**(Failure to Perform Conditions)**

18. Plaintiffs and some or all putative class members they purport to represent failed to perform the conditions necessary to give rise to any obligation on the part of any Defendant for the payment of wages alleged in the Complaint.

## NINETEENTH DEFENSE

**(Setoff and Recoupment)**

19. If any damages have been sustained by Plaintiffs and/or any members of the class they purport to represent, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations of Plaintiffs or putative class members owed to Defendants against any judgment that may be entered against Defendants.

## TWENTIETH DEFENSE

**(Good Faith)**

20. If Defendants found to have failed to pay Plaintiffs and/or any putative class member any wages due, which Defendants deny, there is a good faith dispute that any wages are due, which precludes the imposition of waiting time penalties under Labor Code section 203.

## TWENTY-FIRST DEFENSE

### (Conduct Reasonable and In Good Faith/Reasonable Grounds)

21. Plaintiffs and any putative class members they purport to represent are not entitled to recover any liquidated damages, as prayed for in the Complaint, because Defendants can demonstrate good faith and reasonable grounds under Labor Code section 1194.2(b).

## TWENTY-SECOND DEFENSE

### (Failure To Fully Comply With Statutory Requirements)

22. The claims under the Private Attorneys General Act are barred or limited and Plaintiffs lack standing because of, among other reasons, the failure to satisfy all statutory requirements as set forth in the Private Attorneys General Act.

## TWENTY-THIRD DEFENSE
### (Uncertainty)

23. The claims of Plaintiffs and putative members of the purported class are barred in whole or in part, because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

## TWENTY-FOURTH DEFENSE
### (No Ascertainable Class)

24. The purported class that the named Plaintiffs purport to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

## TWENTY-FIFTH DEFENSE
### (Avoidable Consequences)

25. The claims of Plaintiffs and putative members of the purported class are barred, or recovery reduced, because Defendants took reasonable steps to prevent and correct the conduct alleged in the Complaint; Plaintiffs and putative members of the purported class unreasonably failed to use the preventive and corrective measures that Defendants provided; and reasonable use of Defendants'

procedures would have prevented at least some of the harm that Plaintiffs and putative members of the purported class allegedly suffered.

### TWENTY-SIXTH DEFENSE
### (Release)

26. To the extent Plaintiffs or putative members of the purported class have executed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

### TWENTY-SEVENTH DEFENSE
### (Unjust, Arbitrary, and Oppressive, or Confiscatory, Penalties)

27. Plaintiffs and putative members of the purported class are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

### TWENTY-EIGHTH DEFENSE
### (No Waiting Time Penalties)

28. The Complaint fails to state a claim for waiting time penalties under California Labor Code Section 203 in that some members of the purported class did not resign or were not discharged prior to the filing of this action and/or to the extent that no such penalties can continue after the commencement of an action for the penalties.

### TWENTY-NINTH DEFENSE
### (Due Process/Excessive Fine)

29. Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States

Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

### THIRTIETH DEFENSE
### (No Entitlement to Jury Trial – Certain Claims)

30. Plaintiffs and putative members of the purported class are not entitled to a trial by jury of certain of their claims, including the claim under the California Business and Professions Code Section 17200.

### THIRTY-FIRST DEFENSE
### (Preemption)

31. The claims of some or all of the Plaintiffs and putative members of the purported class are preempted and/or barred in whole or in part by federal labor laws, including Sections 7 and 8 of the National Labor Relations Act (29 U.S.C. §§ 157, 158) and Section 301 of the Labor Management Relations Act (29 U.S.C. §§ 185, 186).

### THIRTY-SECOND DEFENSE
### (Failure to Exhaust Contractual Remedies)

32. The claims of some or all of the Plaintiffs and putative members of the purported class are barred in whole or in part by their failure to exhaust the mandatory grievance-arbitration procedure set forth in the applicable collective bargaining agreement governing the employment of one or more of the Plaintiffs or putative members of the purported class.

### THIRTY-THIRD DEFENSE
### (Labor Code § 229)

33. The claims of some or all of the Plaintiffs and putative members of the purported class are barred in whole or in part by California Labor Code § 229.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/63480154.2                    17

## THIRTY-FOURTH DEFENSE

### (Lack of Necessary or Indispensable Parties)

34.   Plaintiffs' Complaint is barred because Plaintiffs failed to name one or more necessary and/or indispensable parties in the Complaint.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendants pray for judgment that:

1.   The Court deny Plaintiffs' request to certify this action as a class action;

2.   Plaintiffs take nothing by reason of the Complaint on file herein, and that said Complaint be dismissed with prejudice;

3.   Judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

4.   Defendants be awarded their costs of suit incurred herein;

5.   Defendants be awarded their attorneys' fees incurred by this action; and,

6.   The Court award Defendants such other and further relief as it deems just and proper.

Dated:   August 26, 2009          MORGAN, LEWIS & BOCKIUS LLP

By   s/Donna Mo
Donna Mo
Attorneys for Defendants
ARAMARK CORPORATION and
ARAMARK SPORTS, LLC
(formerly ARAMARK SPORTS, INC.)