Dan Stormer, Esq. S.B. 101967
Randy Renick, Esq. S.B. 179652
HADSELL STORMER KEENY
RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone:  (626) 585-9600
Facsimile:  (626) 577-7079
E-mail: rrr@hskrr.com
Attorneys for Plaintiffs and All Those Similarly Situated

```
                    FILED
        CLERK, U.S. DISTRICT COURT

            SEP. 2 3 2009

        CENTRAL DISTRICT OF CALIFORNIA
        BY                         DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENARO ZENDEJAS MORALES, RICKY SILVA and CHRISTIAN SANCHEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARAMARK CORPORATION, a Delaware Corporation formerly known as ARAMARK SERVICES, INC.; ARAMARK SPORTS, INC., ARAMARK SPORTS, LLC and DOES 1-200, inclusive,<br><br>Defendants. | CASE NO. 09-05565 (FMC) MLGx<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE § 226.7, 512);**<br>2. **NONPAYMENT OF WAGES (CAL. LABOR CODE § § 204, 210, 218.5 & 218.6);**<br>3. **FAILURE TO FAILURE TO KEEP AND FURNISH ACCURATE WAGE STATEMENTS (CAL. LABOR CODE §§ 226, 226.3);**<br>4. **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§ 510, 1194, 1194.2);**<br>5. **WAITING TIME PENALTIES (CAL. LABOR CODE § 201 & 203)**<br>6. **UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, et seq.)**<br>7. **CIVIL PENALTIES UNDER PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §§ 2698, et seq.)**<br>**JURY TRIAL DEMANDED** |

1

FIRST AMENDED CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

This is a class action lawsuit filed pursuant to the California Labor Code. The Court has jurisdiction under 28 U.S.C. § 1332 (a)(1) (diversity) and 28 U.S.C. § 1332 (d)(2) (Class Action Fairness Act). There are more than 100 class members. Both the named plaintiffs and many of the putative class members are citizens of California and none of the Defendants are citizens of California. Aggregate damages exceed $5,000,000, exclusive of fees and costs. Venue lies in the Central District of California, the judicial district in which Defendants reside and in which a substantial part of the events or omissions giving rise to the claims occurred, pursuant to 28 U.S.C. § 1391(a-c).

## INTRODUCTION

1.      On behalf of themselves and all others similarly situated, and on behalf of the general public, GENARO ZENDEJAS MORALES, RICKY SILVA and CHRISTIAN SANCHEZ ("Plaintiffs" or "Class Representatives"), bring this class action against defendants ARAMARK CORPORATION, a Delaware Corporation formerly known as ARAMARK SERVICES, INC.; ARAMARK SPORTS, INC., ARAMARK SPORTS, LLC and DOES 1-200 ("Defendants") for: wages and penalties owed for missed meal and rest breaks, earned but unpaid overtime wages, back wages, restitution, liquidated damages, penalties, interest, declaratory and injunctive relief, costs and attorneys' fees resulting from Defendants' unlawful conduct and unfair business practices, and as grounds therefore allege:

2.      Plaintiffs GENARO ZENDEJAS MORALES, RICKY SILVA and CHRISTIAN SANCHEZ are residents of the counties of Los Angeles and Orange, citizens of the State of California and are current and former employees of Defendants who are classified as nonexempt under the California Industrial Welfare Commission ("IWC") Wage Orders and are paid on an hourly basis. Plaintiffs have at all material times been employed by Defendants as food service employees to work at the corporate cafeterias and sporting and entertainment event centers that they manage and operate in

2

California, including but not limited to those it manages and operates on behalf of AT&T, Angels Stadium and the Honda Center.

3.     Plaintiffs contend that Defendants failed to provide them and other similarly situated workers with meal and rest breaks, failed to pay the compensation due to them for missed meal and rest breaks and overtime work, failed to provide them with proper documentation concerning their hours worked and their compensation as required by state law and failed to meet other legal requirements, all of which violate various provisions of the Labor Code and IWC Wage Orders, with respect to their employment.

## PARTIES

4.     Plaintiffs reside in Los Angeles and Orange counties, California and are citizens of the State of California.  Each of the Plaintiffs and all members of the Plaintiff Class as defined below are, were, or will be employed by the Defendants, within the State of California during the relevant statutory period.

5.     On information and belief, ARAMARK CORPORATION, ARAMARK SPORTS, INC. and ARAMARK SPORTS, LLC are corporations organized under the laws of the State of Delaware.  ARAMARK CORPORATION, ARAMARK SPORTS, INC. and ARAMARK SPORTS, LLC are headquartered in, citizens of, and maintain their principal place of business in the Commonwealth of Pennsylvania.  ARAMARK CORPORATION, ARAMARK SPORTS, INC. and ARAMARK SPORTS, LLC do business throughout the State of California, but their California operations do not substantially predominate over operations in other states.  On information and belief, Defendants provide food services and general facilities management services to large sporting and entertainment venues as well as to large corporate facilities in the Counties of Alameda, Santa Clara, Los Angeles and Orange through its Business and Industry Division and the Sports and Entertainment Division.

6.     Plaintiffs bring their claims on behalf of themselves and a class of all persons similarly situated ("Plaintiff Class") which consists of all nonexempt current, former, and future employees employed at various locations operated by Defendants in

3

FIRST AMENDED CLASS ACTION COMPLAINT

the State of California, including but not limited to those employed through their
Business and Industry Division and their Sports and Entertainment division, whose job
categories include or included, but are not limited to, that of server, bartender, concession
stand worker, concessions stand lead or stand lead, warehouse worker, cook, utility
worker, kitchen worker, cashier, catering worker, sous chef/cafeteria worker, prep cook,
food preparer, grill cook, food & beverage supervisor, dishwasher, and/or room service
worker during the relevant statutory period ("Class Period").  Plaintiff Class members are
current, former, and future employees employed at the following locations where
Defendants provide services through their Business and Industry Division and Sports and
Entertainment Division: AT&T- Pasadena; AT&T LBA Realty- Los Angeles; Candle
Corporation- El Segundo; Metropolitan Transit Authority (MTA) Gateway Center- Los
Angeles; Neutrogena Corporation- Los Angeles; Northrum Grumman- Redondo Beach;
Anheuiser-Busch Corporation- Van Nuys; Boeing Corporation- Huntington Beach;
Boeing Corporation- Seal Beach; Boeing Corporation-Long Beach; Honda Center-
Anaheim; The Shrine Auditorium- Los Angeles; The Forum- Inglewood; The Galean
Center- Los Angeles; The Greek Theater- Los Angeles; The Los Angeles Convention
Center- Los Angeles; Angel's Stadium- Anaheim and The Anaheim Convention Center-
Anaheim;  KLA-Tenco - San Jose; KLA - Milpitas; Garden City Casino - San Jose;
KPMG - Mountain View; Symantec -Mountain View and Cupertino; AT&T - San
Ramon; San Ramon;  HP Pavilion - San Jose; Santa Clara Convention Center - Santa
Clara; AMD - Sunnyvale; Nvidia - Santa Clara.

       7.     Plaintiffs and the Plaintiff Class did not and do not receive the meal or rest
breaks, or compensation for missed breaks, to which they were and are entitled under
Labor Code § 226.7 and IWC Wage Orders.  Plaintiffs and the Plaintiff Class were and
are not compensated in the amounts required by the Labor Code and the IWC Wage
Orders promulgated pursuant thereto. Plaintiffs and the Plaintiff Class were and are not
paid in accordance with the overtime requirements of the Labor Code and the IWC Wage
Orders promulgated thereto.  Plaintiffs and the Plaintiff Class who are no longer working

4

FIRST AMENDED CLASS ACTION COMPLAINT

1  for Defendants were not paid all of the wages due and owing upon the termination of

2  their employment or at any time thereafter, in violation of Labor Code § 203.

3  Defendants' failure to provide Plaintiffs and the Plaintiff class with required meal and rest

4  breaks, or compensate them for missed breaks and overtime work, and to pay them all of

5  the wages due and owing upon the termination of their employment or at any time

6  thereafter, was and is a result of unlawful policies and practices that were commonly

7  applied to Plaintiffs and the Plaintiff Class.

8       8.    Plaintiffs also bring this action on behalf of themselves, the general public,

9  and all others similarly situated pursuant to Business and Professions Code §§ 17200, et

10  seq.

11      9.    Plaintiffs are ignorant of the true names and capacities of defendants sued

12  herein as DOES 1 through 200, inclusive, and therefore sue these defendants by such

13  fictitious names and capacities.  Plaintiffs will seek leave to amend this complaint to

14  allege the true names and capacities of said fictitiously-named defendants once they have

15  been ascertained.  Plaintiffs are informed and believe, and on that basis allege, that at all

16  relevant times, each of the fictitiously-named defendants was an agent or employee of the

17  named Defendants and/or was acting within the course and scope of said agency or

18  employment at the time of the events herein alleged, and/or was acting directly or

19  indirectly in the interest of Defendants in relation to Plaintiffs and the Plaintiff Class.

20  Plaintiffs are further informed and believe and on that basis allege that each of the

21  fictitiously-named defendants aided and assisted the named Defendants in committing the

22  wrongful acts alleged herein, and that Plaintiffs' damages, as alleged herein, were

23  proximately caused by such defendants.  To the extent that the conduct and omissions

24  alleged herein were perpetrated by one or more defendants, the remaining defendants

25  confirmed and ratified said conduct and omissions.

26      10.   Plaintiffs are informed and believe and thereupon allege that at all times

27  material herein, each defendant named herein, including DOES 1 through 200, acted as

28

FIRST AMENDED CLASS ACTION COMPLAINT

1  the agent, joint venturer, representative, or alter ego of or for the other defendants, and all

2  aided and abetted the wrongful acts of the others.

3  **FACTUAL ALLEGATIONS**

4  11.   Throughout the relevant statutory period, Plaintiffs and all members of the

5  Plaintiff Class are and were nonexempt employees of Defendants, entitled to all of the

6  protections afforded to nonexempt employees under the Labor Code and applicable IWC

7  Wage Orders.

8  12.   At all relevant times, Defendants failed to (1) provide Plaintiffs and the

9  Plaintiff Class meal and rest periods as required by the applicable IWC Wage Orders; (2)

10 pay Plaintiffs and the Plaintiff Class compensation required by the Labor Code for

11 missed meal and rest periods; (3) provide proper wage statements as required by law; (4)

12 pay members of the Plaintiff Class for all the time that they performed work for

13 Defendants; (5) pay members of the Plaintiff Class proper compensation for certain

14 overtime hours worked; (6) pay members of the Plaintiff Class who resigned or were

15 terminated the wages due to them at the time they left their employment; (7) comply with

16 other requirements of those statutes as alleged herein.

17 13.   The failure and/or refusal to provide meal and rest breaks, the

18 underpayment of wages and the failure to provide accurate wage statements to the

19 Plaintiffs and the Plaintiff Class is a consequence of Defendants' unlawful compensation

20 and labor policies and practices which were centrally devised, implemented,

21 communicated, and applied to all members of the Plaintiff Class.  These unlawful

22 practices include, but are not limited to, the following: (a) failure to permit employees to

23 take meal and rest breaks required by law; (b) failure to include the time employees

24 spend working through their required breaks in the number of hours worked for

25 compensation purposes; (c) failure to include the time employees spend working before

26 and/or after their scheduled shift in the number of hours worked for compensation

27 purposes; (d) failure to pay required compensation for missed break time pursuant to

28 Labor Code § 226.7 and applicable IWC Wage Orders; (e) failure to pay waiting time

FIRST AMENDED CLASS ACTION COMPLAINT

penalties required by Labor Code § 203; (f) failure to keep legally-required records, including but not limited to accurate records of hours worked;  (g) failure to provide accurate wage statements; and (i) other violations of the Labor Code and applicable IWC Wage Orders according to proof.

14.   As a result of Defendants' unlawful conduct, Plaintiffs and the Plaintiff Class have been and continue to be systematically deprived of the wages to which they are entitled by law, and deprived of other benefits under the Labor Code and applicable IWC Wage Orders, to the detriment of themselves, their families, and to the public at large.

15.   California law requires employers to provide meal and rest breaks to non-exempt employees at specified intervals.

16.   Plaintiffs and the Plaintiff Class were not and are not provided with meal and rest breaks consistent with the Labor Code and applicable IWC Wage Orders. Defendants have denied and/or failed to provide Plaintiffs and members of the Plaintiff Class proper meal and rest breaks as required by the Labor Code and applicable IWC Wage Order by scheduling and/or requiring them to work through their shifts without taking their meal and rest breaks at the proper intervals.  Plaintiffs and members of the Plaintiff Class did not receive the meal or rest breaks, or compensation for missed breaks, to which they are entitled under Labor Code § 226.7 and IWC Wage Orders.   As part of their practices Defendants required Plaintiffs and members of the Plaintiff Class to work longer than four hours at a time without taking a 10 minute rest break as required by Labor Code §226.7 and applicable IWC Wage Orders.   Defendants required Plaintiffs and members of the Plaintiff Class to work an entire shift of over five hours without being allowed to take an uninterrupted 30 minute meal break as required by Labor Code §512 and applicable IWC Wage Orders. Defendants' failure to compensate Plaintiffs and the Plaintiff Class as required and to provide them with required breaks, or compensation for missed breaks, is and was a result of unlawful policies and practices that were commonly applied to all members of the Plaintiff Class. On information and belief, at all

FIRST AMENDED CLASS ACTION COMPLAINT

times material herein, Defendants have given no written instructions to Plaintiff Class members' immediate supervisors about complying with California's meal and rest break laws, and Defendants have failed to establish any system to ensure compliance with these California laws.

17.    On information and belief, at all times material herein, rather than paying members of the Plaintiff Class for the entire time they work during their shift, Defendants have engaged in the practice of paying workers only for the hours they were scheduled to work even if the workers had arrived at their work site, punched in and performed work-related task as requested by their supervisors prior to their scheduled shifts.  As a result, Defendants have and continue to miscalculate and substantially underpay Plaintiffs and the Plaintiff Class for regular hours worked and overtime compensation they earned, in violation of the Labor Code and applicable Wage Orders.

## CLASS ALLEGATIONS

18.    The individual Plaintiffs, as Class Representatives, bring this action on their own behalf and on behalf of a class comprised of all nonexempt current, former, and future employees employed at various locations in California through Defendants' Business and Industry Division and Sports and Entertainment Division, who have performed services for Defendants at various locations in Northern and Southern California including but not necessarily limited to: AT&T- Pasadena; AT&T LBA Realty- Los Angeles; Candle Corporation- El Segundo; Metropolitan Transit Authority (MTA) Gateway Center- Los Angeles; Neutrogena Corporation- Los Angeles; Northrum Grumman- Redondo Beach; Anheuiser-Busch Corporation- Van Nuys; Boeing Corporation- Huntington Beach; Boeing Corporation- Seal Beach; Boeing Corporation- Long Beach; Honda Center- Anaheim; The Shrine Auditorium- Los Angeles; The Forum- Inglewood; The Galen Center- Los Angeles; The Greek Theater- Los Angeles; The Los Angeles Convention Center- Los Angeles; Angel's Stadium- Anaheim and The Anaheim Convention Center- Anaheim; KLA-Tenco - San Jose; KLA - Milpitas; Garden City Casino - San Jose; KPMG - Mountain View; Symantec -Mountain View and

FIRST AMENDED CLASS ACTION COMPLAINT

1  Cupertino; AT&T - San Ramon; San Ramon; HP Pavilion - San Jose; Santa Clara
2  Convention Center - Santa Clara; AMD - Sunnyvale; Nvidia - Santa Clara.

3      19.    Numerosity.  The size of the Plaintiff Class makes a class action both
4  necessary and efficient.  On information and belief, Plaintiffs estimate that the Plaintiff
5  Class consists of at least 5,000 current and former employees, and an indefinite number
6  of future employees.  Members of the Plaintiff Class are ascertainable but so numerous
7  that joinder is impracticable.  The Plaintiff Class includes future class members whose
8  joinder is inherently impossible.

9      20.    Typicality.  The claims of the Class Representatives are typical of the
10 claims of the class as a whole.  Each of the Class Representatives is and/or was employed
11 by Defendants during the relevant statutory period.  Each of the Class Representatives
12 was underpaid, and continues to be underpaid, because of Defendants' unlawful
13 employment policies and practices.  The unlawful policies and practices that have
14 operated to deny the Class Representatives wages, penalties, meal and rest periods, and
15 other compensation, benefits, and protections required by law are typical of the unlawful
16 practices that have and will continue to operate to deny other class members the
17 compensation and benefits to which they are entitled.

18     21.    Common Questions Of Law And Fact.  This case poses common questions
19 of law and fact affecting the rights of all class members, including but not limited to:

20             a.     Whether the following compensation policies and practices are
21                    unlawful under the Labor Code and/or IWC Wage Orders:
22                    i.     Failure to permit employees to take meal and rest breaks
23                           required   by California law;
24                    ii.    Failure to include the time employees spend working
25                           through their required breaks in the number of hours worked
26                           for compensation purposes;
27
28

FIRST AMENDED CLASS ACTION COMPLAINT

   iii.  Failure to pay required compensation for missed break time pursuant to Labor Code § 226.7 and applicable IWC Wage Orders;

   iv.  Failure to properly calculate and pay legally-required overtime compensation;

   v.  Failure to pay waiting time penalties required by Labor Code § 203;

   vi.  Failure to keep legally-required records, including but not limited to accurate records of hours worked; and

   vii.  Failure to provide accurate wage statements;

  b. What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and

  c. Other questions of law and fact.

24. <u>Adequacy Of Class Representation</u>.  The Class Representatives can adequately and fairly represent the interests of the Plaintiff Class as defined above, because their individual interests are consistent with, not antagonistic to, the interests of the class.

25. <u>Adequacy Of Counsel For The Class</u>.  Counsel for Plaintiffs possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

23. <u>Propriety of Class Action Mechanism</u>.  Class certification is appropriate because Defendants have implemented a scheme which is generally applicable to the Plaintiff Class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  Further, the prosecution of separate actions against Defendants by individual class members would create a risk of

10

FIRST AMENDED CLASS ACTION COMPLAINT

1   inconsistent or varying adjudications which would establish incompatible standards of

2   conduct for Defendants.  For all these and other reasons, a class action is superior to other

3   available methods for the fair and efficient adjudication of the controversy set forth in

4   this complaint.

5   **ALLEGATIONS OF CLASS REPRESENTATIVES**

6   26.   <u>Genaro Zendejas Morales</u>.  Mr. Morales worked as a chef for Defendants at

7   the AT&T cafeteria in Pasadena from 2004 until February 2008. Mr. Morales was

8   regularly required to work through his rest and meal breaks due to Defendants' failure to

9   provide someone to cover his responsibilities during his break time and the amount and

10  type of work he was responsible for.  Mr. Morales repeatedly complained about not

11  receiving his breaks and requested that Defendants send someone to cover for him during

12  his breaks.  Defendants also regularly failed to compensate Mr. Morales for all of the

13  regular and overtime hours that he worked.  Defendants also failed to provide Mr.

14  Morales with accurate wage statements throughout his time with the company and to

15  compensate him appropriately when he left his employment with them.

16  27.   <u>Ricky Silva</u>.  Mr. Silva has been a concession stand worker at Angels

17  Stadium in Orange County since 2006.  Mr. Silva is regularly required to work through

18  his rest and meal breaks due to Defendants' requirements and his work responsibilities.

19  Defendants also failed to provide Mr. Silva with accurate wage statements throughout his

20  time with the company.

21  28.   Christian Sanchez.  Mr. Sanchez has worked at the Honda Center since

22  2002 in a variety of positions, including food preparation, cashier, concession stand

23  worker and bartender.  Mr. Sanchez is regularly required to work through his rest and

24  meal breaks due to Defendants' requirements and his work responsibilities.  Defendants

25  also failed to provide Mr. Silva with accurate wage statements throughout his time with

26  the company.

27

28

11

## FIRST CAUSE OF ACTION

### For Failure to Provide Meal and Rest Periods

### by Plaintiffs Individually and on Behalf of The Plaintiff Class

### (California Labor Code Sections 226.7, 512)

29.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30.     During the Class Period, Defendants routinely failed to provide the Plaintiffs and the Plaintiff Class with meal and rest periods during their work shifts, and failed to compensate them for said meal and rest periods, as required by California Labor Code sections 226.7, 512 and the other applicable IWC Wage Orders.

31.     As alleged herein, Plaintiffs and the Plaintiff Class were and are not exempt from the meal and rest period requirements of the Labor Code and applicable IWC Wage Orders.

32.     Plaintiffs and the Plaintiff Class have been deprived of their rightfully earned compensation for missed meal and rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiffs and the Plaintiff Class are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees and costs.

## SECOND CAUSE OF ACTION

### For Nonpayment of Wages

### by Plaintiffs Individually and on Behalf of the Plaintiff Class

### (California Labor Code Sections 1182, et seq., 204, 210, 218.5 & 218.6)

33.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34.     Defendants have ordered and/or caused members of the Plaintiff Class to work during missed meal periods, but refused to pay for the work performed during these periods.   Through a system of rounding off workers hours in calculating compensation, Defendants have also failed and/or refused to pay members of the Plaintiff Class for their

FIRST AMENDED CLASS ACTION COMPLAINT

work performed while at their work site either before or after their scheduled shift despite having clocked in and performed tasks as requested by their supervisors. As a result of these and other acts, Defendants have failed to pay the members of the Plaintiff Class minimum wage. Defendants have refused to pay the Class Members all accrued wages and compensation earned by such Class Members within the time limits prescribed under Labor Code section 204.

35.     In committing the forgoing acts and engaging in the forgoing practices, Defendants have violated the California Labor Code and are liable for penalties pursuant to California Labor Code Sections 204 and 210 as well as the applicable civil penalties under Labor Code Section 2699, subdivision (f), for past violations of Labor Code Section 204.

**THIRD CAUSE OF ACTION**

**For Failure to Keep and Furnish Accurate Wage Statements**

**by Plaintiffs Individually and on Behalf of the Plaintiff Class**

**(California Labor Code Section 226)**

36.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37.     Defendant has failed to furnish the members of the Plaintiff Class with itemized wage statements that accurately reflect (a) the additional hour of compensation owed members of the Plaintiff Class for each shift that a mandated meal or rest period is not provided, and (b) the overtime compensation owed to the Plaintiff Class, but concealed by Defendants' Rounding-Off Method.

38.     Defendant has failed to maintain records of itemized wage statements that accurately reflect (a) the additional hour of compensation owed to the Plaintiff Class for each shift that a mandated meal or rest period is not provided, and (b) the overtime compensation owed to members of the Plaintiff Class, but concealed by Defendants' Rounding-Off Method.

13

FIRST AMENDED CLASS ACTION COMPLAINT

39.     Defendants' failure to maintain records of, and furnish to members of the Plaintiff Class, accurate, itemized wage statements resulted in the members of the Plaintiff Class suffering injury, as said failures led to the nonpayment of the class members' earned compensation for missed meal and rest periods, and overtime.

40.     On information and belief, Plaintiffs allege that Defendant's said failure to furnish and maintain records of accurate, itemized wage statements is, and was, knowing and intentional.

41.     Based on Defendant's conduct as alleged herein, Defendant is liable for civil penalties pursuant to California Labor Code §§ 226 and 226.3, as well as for the applicable civil penalties, provided for in Labor Code section 2699, subdivision (f), for the past violations of California Labor Code § 226.

42.     Pursuant to Labor Code § 226, subdivision (g), an injunction should be issued to stop Defendants from violating its legal obligation to maintain records of, and furnish to employees, itemized wage statements accurately reflecting (1) the additional hour of compensation owed to employees for each shift that a mandated meal or rest period is not provided, and (2) the overtime compensation owed to Class Members, but concealed by Defendant's Rounding-Off Method.  If Defendant is not enjoined from the conduct set forth above, it will continue to violate its legal obligation to maintain and furnish such records.  Thus, there is threatened future harm and/or continuing violation, which justifies injunctive relief.

43.     Plaintiffs, therefore, request the Court to issue a preliminary and permanent injunction requiring Defendant to properly maintain records of, and furnish to employees, itemized wage statements accurately reflecting (1) the additional hour of compensation owed to employees for each shift that a mandated meal or rest period is not provided; (2) the total hours worked by these employees for missed meal periods; and (3) the regular and overtime compensation owed to members of the Plaintiff Class, but concealed by Defendants' Rounding-Off Method.

## FOURTH CAUSE OF ACTION

14

**For Failure to Pay Overtime Compensation**

**by Plaintiffs Individually and on Behalf of the Plaintiff Class**

**(California Labor Code Sections 510, 1194, 1194.2)**

44.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45.    During the Class Period, Defendants routinely required Plaintiffs and the Plaintiff Class to work before and/or after their shift without compensation and used a rounding off method to pay Plaintiffs and the Plaintiff class only for those hours reflected on their schedule.  Additionally, Defendants routinely required Plaintiffs and the Plaintiff Class to work more than eight hours per day, more than twelve hours per day, and more than 40 hours per workweek.  Additionally, Defendants on occasion required Plaintiffs and the Plaintiff Class Members to work more than six days in seven.

46.    At all relevant times, Defendants failed to properly calculate, substantially underpaid, and/or refused to pay Plaintiffs and the Plaintiff Class overtime compensation required by the Labor Code and applicable IWC Wage Orders.

47.    As alleged herein, Plaintiffs and the Plaintiff Class were and are not exempt from the overtime compensation requirements of the Labor Code and applicable IWC Wage Orders.

48.    Plaintiffs and the Plaintiff Class have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  The Class Members, including Plaintiffs, are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

49.    In addition, pursuant to California Labor Code Section 1994.2, Plaintiffs and the Plaintiff Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**<u>FIFTH CAUSE OF ACTION</u>**

**For Waiting Time Penalties**

**by Plaintiffs Individually and on Behalf of The Plaintiff Class**

15

**(California Labor Code Sections 201 through 203)**

50.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51.     During the Class Period, Defendants failed to pay members of the Plaintiff Class who resigned or were terminated the wages due to them at the time they left their employment.  As a result, these members of the Plaintiff Class are entitled to recover waiting time penalties equal to thirty days' pay pursuant to Labor Code § 203.

## SIXTH CAUSE OF ACTION

### For Unfair Competition

**by Plaintiffs Individually on behalf of The Plaintiff Class Members and the Public**

**(California Business & Professions Code Section 17200, et seq.)**

52.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.     This claim is brought by the Plaintiffs on behalf of themselves, the Plaintiff Class, and the general public, pursuant to Business and Professions Code §§ 17200, et seq.  Defendants' conduct as alleged herein has been, and continues to be, an unfair, unlawful, and fraudulent business practice which has been and continues to be deleterious to Plaintiffs and to those similarly situated and to the general public.  Business and Professions Code §§ 17200, et seq. prohibits unlawful, unfair, and fraudulent business practices.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

54.     Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

55.     Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers

16

FIRST AMENDED CLASS ACTION COMPLAINT

who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

56.    Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code §§ 17200, et seq., depriving the Plaintiffs, members of the Plaintiff Class, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

57.    At all times relevant to this action, Defendants have committed unfair and unlawful business practices within the meaning of Business & Professions Code §§ 17200, et seq. by engaging in conduct which includes, but is not limited to, failing to properly calculate and pay legally-required overtime compensation, failing to provide meal and rest breaks, failing to pay compensation for missed break time, failing to pay for time spent working through required breaks, and failing to pay waiting time penalties as required by law.

58.    As a direct and proximate result of these unfair business practices, Defendants have received and continue to receive funds that rightfully belong to Plaintiffs.

59.    Plaintiffs are entitled to, and hereby seek such relief as may be necessary to restore to them the funds of which Plaintiffs have been deprived, by means of Defendants' unlawful and unfair business practices.

60.    Pursuant to Business and Professions Code § 17203, injunctive relief is necessary  to prevent Defendants from continuing to engage in unfair business practices as alleged herein.  Defendants, and persons acting in concert with them, have done, are now doing, and will continue to do or cause to be done, the above-described unlawful acts unless restrained and enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions will result.  Plaintiffs have no plain, speedy, or adequate remedy at law, in that it is difficult to measure the amount of monetary damages that

FIRST AMENDED CLASS ACTION COMPLAINT

would compensate Plaintiffs or the general public for Defendants' wrongful acts. Further, pecuniary compensation alone would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to Plaintiffs and the general public if injunctive relief is not granted.

## SEVENTH CAUSE OF ACTION

**For Recovery of Civil Penalties under the Private Attorney General Act**

**(California Labor Code Sections 2698, et seq.)**

61.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62.     Defendants have committed several Labor Code violations against the members of the Plaintiff Class in California.

63.     Plaintiffs, each an "aggrieved employee" within the meaning of Labor Code section 2698, et seq., acting on behalf of themselves and other members of the Plaintiff Class, bring this action to recover the civil penalties allowed under Labor Code section 2698, et seq., including, but not limited to, the penalties provided in Labor Code sections 558 and 2699 for the following knowing and intentional Labor Code violations:

   a. Refusing to provide meal and rest periods to the members of the Plaintiff Class, in violation of Labor Code sections 512 and 226.7;

   b. Refusing to pay the members of the Plaintiff Class an additional hour of compensation for every shift that a mandated meal or rest period is not provided, in violation of Labor Code section 226.7;

   c. Refusing to pay the members of the Plaintiff Class for work performed during missed meal periods;

   d. Refusing to pay the members of the Plaintiff Class earned overtime compensation;

   e. Refusing to pay all wages and compensation earned by the members of the Plaintiff Class within the time limits required under Labor Code section 204;

18

FIRST AMENDED CLASS ACTION COMPLAINT

f.  Refusing to pay all wages and compensation earned by the members of the Plaintiff Class within seventy-two hours of termination, in violation of Labor Code sections 201 and 202; and

g.  Refusing to maintain records of, and furnish to members of the Plaintiff Class, accurate, itemized wage statements, in violation of Labor Code section 226.

64.  Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of other members of the Plaintiff Class, and to assess and collect the civil penalties owed by Defendants.  Plaintiffs have thereby incurred attorneys' fees and costs, which they are entitled to recover under California Labor Code section 2699.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court award relief as follows:

1.  An order certifying this case as a class action;

2.  Unpaid wages, and statutory penalties, according to proof;

3.  Liquidated damages pursuant to California Labor Code § 1194.2(a);

4.  Preliminary and permanent injunctions enjoining and restraining Defendants from continuing the unfair and unlawful business practices set forth above and requiring the establishment of appropriate and effective means to prevent future violations;

5.  Restitution of all unpaid wages and benefits due as a result of Defendants' unlawful and unfair business practices, according to proof;

6.  Declaratory relief;

7.  Reasonable attorneys' fees and costs;

8.  Interest accrued on damages and penalties pursuant to Labor Code § 218.6 and Civil Code § 3287; and

19

1    9.    Such other and further relief as the Court deems just and proper.

2

3    DATED: September 21, 2009                    Respectfully submitted,

4                                                HADSELL STORMER KEENY
                                                 RICHARDSON & RENICK, LLP
5

6                                                By
                                                        /S/
7                                                    Randy Renick
                                                     Attorneys for Plaintiffs
8

9                        **JURY TRIAL DEMAND**

10           Plaintiffs hereby demand a jury trial on all issues so triable.

11

12   DATED: September 21, 2009                    Respectfully submitted,

13                                               HADSELL STORMER KEENY
                                                 RICHARDSON & RENICK, LLP
14

15                                               By
                                                        /S/
16                                                   Randy Renick
                                                     Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28

20