Dan Stormer, Esq. S.B. 101967
Randy Renick, Esq. S.B. 179652
HADSELL STORMER KEENY
     RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone:  (626) 585-9600
Facsimile:   (626) 577-7079
E-mail: rrr@hskrr.com

[Counsel for Plaintiffs Continued on Signature Page]

Attorneys for Plaintiffs and All Those Similarly Situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENARO ZENDEJAS MORALES, RICKY SILVA and CHRISTIAN SANCHEZ, on behalf of themselves and all others similarly situated,<br>     Plaintiffs,<br><br>v.<br><br>ARAMARK CORPORATION, a Delaware Corporation formerly known as ARAMARK SERVICES, INC.; ARAMARK SPORTS, INC., ARAMARK SPORTS, LLC and DOES 1-200, inclusive,<br>     Defendants. | MASTER FILE NO. 2:09-cv-05565 JHN MLGx<br><br>**FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1. FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE § 226.7, 512);**<br>**2. NONPAYMENT OF WAGES (CAL. LABOR CODE § § 204, 210, 218.5 & 218.6);**<br>**3. FAILURE TO FAILURE TO KEEP AND FURNISH ACCURATE WAGE STATEMENTS (CAL. LABOR CODE §§ 226, 226.3);**<br>**4. FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§ 510, 1194, 1194.2);**<br>**5. WAITING TIME PENALTIES (CAL. LABOR CODE § 201 & 203)**<br>**6. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, et** |

1

KRISTINA LE-NGUYEN, an
individual, and CAMILLE
LEWIS, an individual, on behalf
of themselves, and an behalf of all
others similarly situated,
        Plaintiffs,

v.

ARAMARK CORPORATION, a
Delaware Corporation, and DOES
1 through 100, inclusive,
        Defendants

seq.)
**7. CIVIL PENALTIES UNDER
   PRIVATE ATTORNEY GENERAL
   ACT (CAL. LABOR CODE §§ 2698,
   et seq.)**
**8. FAILURE TO REIMBURSE
   EMPLOYEE EXPENSES (CAL.
   LABOR CODE §§ 2802, 221)**

**JURY TRIAL DEMANDED**

2

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

This is a class action lawsuit filed pursuant to the California Labor Code. The Court has jurisdiction under 28 U.S.C. § 1332 (a)(1) (diversity) and 28 U.S.C. § 1332 (d)(2) (Class Action Fairness Act). There are more than 100 class members. Both the named plaintiffs and many of the putative class members are citizens of California and none of the Defendants are citizens of California. Aggregate damages exceed $5,000,000, exclusive of fees and costs. Venue lies in the Central District of California, the judicial district in which Defendants reside and in which a substantial part of the events or omissions giving rise to the claims occurred, pursuant to 28 U.S.C. § 1391(a-c).

**INTRODUCTION**

1.    On behalf of themselves and all others similarly situated, and on behalf of the general public, GENARO ZENDEJAS MORALES, RICKY SILVA, CHRISTIAN SANCHEZ, KRISTINA LE-NGUYEN, CAMILLE LEWIS, IRBY BROWN and MICHELLE HOLTZ ("Plaintiffs" or "Class Representatives"), bring this class action against defendants ARAMARK CORPORATION, a Delaware Corporation formerly known as ARAMARK SERVICES, INC.; ARAMARK SPORTS, INC., ARAMARK SPORTS, LLC, ARAMARK SM MANAGEMENT SERVICES, INC. and DOES 1-200 ("Defendants") for: wages and penalties owed for missed meal and rest breaks, earned but unpaid overtime wages, back wages, restitution, liquidated damages, penalties, interest, declaratory and injunctive relief, costs and attorneys' fees resulting from Defendants' unlawful conduct and unfair business practices, and as grounds therefore allege:

2.    Plaintiffs GENARO ZENDEJAS MORALES, RICKY SILVA, CHRISTIAN SANCHEZ, KRISTINA LE-NGUYEN, CAMILLE LEWIS, IRBY BROWN and MICHELLE HOLTZ are residents of the counties of Los Angeles and Orange, citizens of the State of California and are current and former employees of Defendants who are classified as nonexempt under the California

3

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

1  Industrial Welfare Commission ("IWC") Wage Orders and are paid on an hourly
2  basis. Plaintiffs have at all material times been employed by Defendants as food
3  service employees to work at the corporate cafeterias and sporting and
4  entertainment event centers that they manage and operate in California, including
5  but not limited to those it manages and operates on behalf of AT&T, Angels
6  Stadium and the Honda Center.

7      3.    Plaintiffs contend that Defendants failed to provide them and other
8  similarly situated workers with meal and rest breaks, failed to pay the
9  compensation due to them for missed meal and rest breaks and overtime work,
10 failed to provide them with proper documentation concerning their hours worked
11 and their compensation as required by state law and failed to meet other legal
12 requirements, all of which violate various provisions of the Labor Code and IWC
13 Wage Orders, with respect to their employment.

14 **PARTIES**

15     4.    Plaintiffs reside in Los Angeles and Orange counties, California and
16 are citizens of the State of California. Each of the Plaintiffs and all members of the
17 Plaintiff Class as defined below are, were, or will be employed by the Defendants,
18 within the State of California during the relevant statutory period.

19     5.    On information and belief, ARAMARK CORPORATION,
20 ARAMARK SPORTS, INC. and ARAMARK SPORTS, LLC are corporations
21 organized under the laws of the State of Delaware. ARAMARK
22 CORPORATION, ARAMARK SPORTS, INC. and ARAMARK SPORTS, LLC
23 are headquartered in, citizens of, and maintain their principal place of business in
24 the Commonwealth of Pennsylvania. ARAMARK CORPORATION,
25 ARAMARK SPORTS, INC. and ARAMARK SPORTS, LLC do business
26 throughout the State of California, but their California operations do not
27 substantially predominate over operations in other states. On information and
28 belief, Defendants provide food services and general facilities management

4

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

services to large sporting and entertainment venues as well as to large corporate facilities in the Counties of Alameda, Santa Clara, Los Angeles and Orange through its Business and Industry Division and the Sports and Entertainment Division.

6.    Plaintiffs bring their claims on behalf of themselves and a class of all persons similarly situated ("Plaintiff Class") which consists of all nonexempt current, former, and future employees employed at various locations operated by Defendants in the State of California, including but not limited to those employed through their Business and Industry Division and their Sports and Entertainment division, whose job categories include or included, but are not limited to, that of server, bartender, concession stand worker, concessions stand lead or stand lead, warehouse worker, cook, utility worker, kitchen worker, cashier, catering worker, sous chef/cafeteria worker, prep cook, food preparer, grill cook, food & beverage supervisor, dishwasher, and/or room service worker during the relevant statutory period ("Class Period").  Plaintiff Class members are current, former, and future employees employed at the following locations where Defendants provide services through their Business and Industry Division and Sports and Entertainment Division: AT&T- Pasadena; AT&T LBA Realty- Los Angeles; Candle Corporation- El Segundo; Metropolitan Transit Authority (MTA) Gateway Center- Los Angeles; Neutrogena Corporation- Los Angeles; Northrum Grumman- Redondo Beach; Anheuiser-Busch Corporation- Van Nuys; Boeing Corporation- Huntington Beach; Boeing Corporation- Seal Beach; Boeing Corporation-Long Beach; Honda Center- Anaheim; The Shrine Auditorium- Los Angeles; The Forum- Inglewood; The Galean Center- Los Angeles; The Greek Theater- Los Angeles; The Los Angeles Convention Center- Los Angeles; Angel's Stadium- Anaheim and The Anaheim Convention Center- Anaheim;  KLA-Tenco - San Jose; KLA - Milpitas; Garden City Casino - San Jose; KPMG - Mountain View; Symantec -Mountain View and Cupertino; AT&T - San Ramon; San Ramon;  HP

5

Pavilion - San Jose; Santa Clara Convention Center - Santa Clara; AMD -
Sunnyvale; Nvidia - Santa Clara.

7.    Plaintiffs and the Plaintiff Class did not and do not receive the meal or
rest breaks, or compensation for missed breaks, to which they were and are entitled
under Labor Code § 226.7 and IWC Wage Orders.  Plaintiffs and the Plaintiff
Class were and are not compensated in the amounts required by the Labor Code
and the IWC Wage Orders promulgated pursuant thereto. Plaintiffs and the
Plaintiff Class were and are not paid in accordance with the overtime requirements
of the Labor Code and the IWC Wage Orders promulgated thereto.  Plaintiffs and
the Plaintiff Class who are no longer working for Defendants were not paid all of
the wages due and owing upon the termination of their employment or at any time
thereafter, in violation of Labor Code § 203.  Plaintiffs and the Plaintiff Class were
not reimbursed for their employee expenses.  Defendants' failure to provide
Plaintiffs and the Plaintiff class with required meal and rest breaks, or compensate
them for missed breaks and overtime work, and to pay them all of the wages due
and owing upon the termination of their employment or at any time thereafter, was
and is a result of unlawful policies and practices that were commonly applied to
Plaintiffs and the Plaintiff Class.

8.    Plaintiffs also bring this action on behalf of themselves, the general
public, and all others similarly situated pursuant to Business and Professions Code
§§ 17200, et seq.

9.    Plaintiffs are ignorant of the true names and capacities of defendants
sued herein as DOES 1 through 200, inclusive, and therefore sue these defendants
by such fictitious names and capacities.  Plaintiffs will seek leave to amend this
complaint to allege the true names and capacities of said fictitiously-named
defendants once they have been ascertained.  Plaintiffs are informed and believe,
and on that basis allege, that at all relevant times, each of the fictitiously-named
defendants was an agent or employee of the named Defendants and/or was acting

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

1  within the course and scope of said agency or employment at the time of the events

2  herein alleged, and/or was acting directly or indirectly in the interest of Defendants

3  in relation to Plaintiffs and the Plaintiff Class.  Plaintiffs are further informed and

4  believe and on that basis allege that each of the fictitiously-named defendants

5  aided and assisted the named Defendants in committing the wrongful acts alleged

6  herein, and that Plaintiffs' damages, as alleged herein, were proximately caused by

7  such defendants.  To the extent that the conduct and omissions alleged herein were

8  perpetrated by one or more defendants, the remaining defendants confirmed and

9  ratified said conduct and omissions.

10      10.    Plaintiffs are informed and believe and thereupon allege that at all

11  times material herein, each defendant named herein, including DOES 1 through

12  200, acted as the agent, joint venturer, representative, or alter ego of or for the

13  other defendants, and all aided and abetted the wrongful acts of the others.

14                    **FACTUAL ALLEGATIONS**

15      11.    Throughout the relevant statutory period, Plaintiffs and all members

16  of the Plaintiff Class are and were nonexempt employees of Defendants, entitled to

17  all of the protections afforded to nonexempt employees under the Labor Code and

18  applicable IWC Wage Orders.

19      12.    At all relevant times, Defendants failed to (1) provide Plaintiffs and

20  the Plaintiff Class meal and rest periods as required by the applicable IWC Wage

21  Orders; (2) pay Plaintiffs and the Plaintiff Class compensation required by the

22  Labor Code for missed meal and rest periods; (3) provide proper wage statements

23  as required by law; (4) pay members of the Plaintiff Class for all the time that they

24  performed work for Defendants; (5) pay members of the Plaintiff Class proper

25  compensation for certain overtime hours worked; (6) pay members of the Plaintiff

26  Class who resigned or were terminated the wages due to them at the time they left

27  their employment; (7) reimburse members of the Plaintiff Class for their employee

28

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

1 | expenses; and (8) comply with other requirements of those statutes as alleged
2 | herein.

3 |     13.    The failure and/or refusal to provide meal and rest breaks, the
4 | underpayment of wages and the failure to provide accurate wage statements to the
5 | Plaintiffs and the Plaintiff Class is a consequence of Defendants' unlawful
6 | compensation and labor policies and practices which were centrally devised,
7 | implemented, communicated, and applied to all members of the Plaintiff Class.
8 | These unlawful practices include, but are not limited to, the following: (a) failure
9 | to permit employees to take meal and rest breaks required by law; (b) failure to
10 | include the time employees spend working through their required breaks in the
11 | number of hours worked for compensation purposes; (c) failure to include the time
12 | employees spend working before and/or after their scheduled shift in the number of
13 | hours worked for compensation purposes; (d) failure to pay required compensation
14 | for missed break time pursuant to Labor Code § 226.7 and applicable IWC Wage
15 | Orders; (e) failure to pay waiting time penalties required by Labor Code § 203; (f)
16 | failure to keep legally-required records, including but not limited to accurate
17 | records of hours worked;  (g) failure to provide accurate wage statements; (i)
18 | failure to reimburse employee expenses; and (j) other violations of the Labor Code
19 | and applicable IWC Wage Orders according to proof.

20 |     14.    As a result of Defendants' unlawful conduct, Plaintiffs and the
21 | Plaintiff Class have been and continue to be systematically deprived of the wages
22 | to which they are entitled by law, and deprived of other benefits under the Labor
23 | Code and applicable IWC Wage Orders, to the detriment of themselves, their
24 | families, and to the public at large.

25 |     15.    California law requires employers to provide meal and rest breaks to
26 | non-exempt employees at specified intervals.

27 |     16.    Plaintiffs and the Plaintiff Class were not and are not provided with
28 | meal and rest breaks consistent with the Labor Code and applicable IWC Wage

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Orders. Defendants have denied and/or failed to provide Plaintiffs and members of the Plaintiff Class proper meal and rest breaks as required by the Labor Code and applicable IWC Wage Order by scheduling and/or requiring them to work through their shifts without taking their meal and rest breaks at the proper intervals. Plaintiffs and members of the Plaintiff Class did not receive the meal or rest breaks, or compensation for missed breaks, to which they are entitled under Labor Code § 226.7 and IWC Wage Orders.  As part of their practices Defendants required Plaintiffs and members of the Plaintiff Class to work longer than four hours at a time without taking a 10 minute rest break as required by Labor Code §226.7 and applicable IWC Wage Orders.  Defendants required Plaintiffs and members of the Plaintiff Class to work an entire shift of over five hours without being allowed to take an uninterrupted 30 minute meal break as required by Labor Code §512 and applicable IWC Wage Orders.  On information and belief, Defendants also adjusted, altered and/or manipulated their time clock system to reflect thirty minute meal periods and ten minute rest periods, even when such meal and rest periods were not provided. Defendants' failure to compensate Plaintiffs and the Plaintiff Class as required and to provide them with required breaks, or compensation for missed breaks, is and was a result of unlawful policies and practices that were commonly applied to all members of the Plaintiff Class. On information and belief, at all times material herein, Defendants have given no written instructions to Plaintiff Class members' immediate supervisors about complying with California's meal and rest break laws, and Defendants have failed to establish any system to ensure compliance with these California laws.

17.  On information and belief, at all times material herein, rather than paying members of the Plaintiff Class for the entire time they work during their shift, Defendants have engaged in the practice of paying workers only for the hours they were scheduled to work even if the workers had arrived at their work site, punched in and performed work-related task as requested by their supervisors prior

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

1  to their scheduled shifts.  As a result, Defendants have and continue to miscalculate
2  and substantially underpay Plaintiffs and the Plaintiff Class for regular hours
3  worked and overtime compensation they earned, in violation of the Labor Code
4  and applicable Wage Orders.

## CLASS ALLEGATIONS

5

6      18.    The individual Plaintiffs, as Class Representatives, bring this action
7  on their own behalf and on behalf of a class comprised of all nonexempt current,
8  former, and future employees employed at various locations in California through
9  Defendants' Business and Industry Division and Sports and Entertainment
10  Division, who have performed services for Defendants at various locations in
11  Northern and Southern California including but not necessarily limited to: AT&T-
12  Pasadena; AT&T LBA Realty- Los Angeles; Candle Corporation- El Segundo;
13  Metropolitan Transit Authority (MTA) Gateway Center- Los Angeles; Neutrogena
14  Corporation- Los Angeles; Northrum Grumman- Redondo Beach; Anheuiser-
15  Busch Corporation- Van Nuys; Boeing Corporation- Huntington Beach; Boeing
16  Corporation- Seal Beach; Boeing Corporation-Long Beach; Honda Center-
17  Anaheim; The Shrine Auditorium- Los Angeles; The Forum- Inglewood; The
18  Galen Center- Los Angeles; The Greek Theater- Los Angeles; The Los Angeles
19  Convention Center- Los Angeles; Angel's Stadium- Anaheim and The Anaheim
20  Convention Center- Anaheim; KLA-Tenco - San Jose; KLA - Milpitas; Garden
21  City Casino - San Jose; KPMG - Mountain View; Symantec -Mountain View and
22  Cupertino; AT&T - San Ramon; San Ramon;  HP Pavilion - San Jose; Santa Clara
23  Convention Center - Santa Clara; AMD - Sunnyvale; Nvidia - Santa Clara.

24      19.    Numerosity.  The size of the Plaintiff Class makes a class action both
25  necessary and efficient.  On information and belief, Plaintiffs estimate that the
26  Plaintiff Class consists of at least 5,000 current and former employees, and an
27  indefinite number of future employees.  Members of the Plaintiff Class are

28

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

ascertainable but so numerous that joinder is impracticable. The Plaintiff Class includes future class members whose joinder is inherently impossible.

20.   Typicality. The claims of the Class Representatives are typical of the claims of the class as a whole. Each of the Class Representatives is and/or was employed by Defendants during the relevant statutory period. Each of the Class Representatives was underpaid, and continues to be underpaid, because of Defendants' unlawful employment policies and practices. The unlawful policies and practices that have operated to deny the Class Representatives wages, penalties, meal and rest periods, and other compensation, benefits, and protections required by law are typical of the unlawful practices that have and will continue to operate to deny other class members the compensation and benefits to which they are entitled.

21.   Common Questions Of Law And Fact. This case poses common questions of law and fact affecting the rights of all class members, including but not limited to:

    a.    Whether the following compensation policies and practices are unlawful under the Labor Code and/or IWC Wage Orders:

        i.    Failure to permit employees to take meal and rest breaks required by California law;

        ii.    Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;

        iii.    Failure to pay required compensation for missed break time pursuant to Labor Code § 226.7 and applicable IWC Wage Orders;

        iv.    Failure to properly calculate and pay legally-required overtime compensation;

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

v.       Failure to pay waiting time penalties required by Labor Code § 203;

vi.      Failure to keep legally-required records, including but not limited to accurate records of hours worked;

vii.     Failure to provide accurate wage statements; and

viii.    Failure to reimburse employee expenses.

b.      What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and

c.      Other questions of law and fact.

24.     Adequacy Of Class Representation.  The Class Representatives can adequately and fairly represent the interests of the Plaintiff Class as defined above, because their individual interests are consistent with, not antagonistic to, the interests of the class.

25.     Adequacy Of Counsel For The Class.  Lead Counsel for Plaintiffs possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

23.     Propriety of Class Action Mechanism.  Class certification is appropriate because Defendants have implemented a scheme which is generally applicable to the Plaintiff Class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  Further, the prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this complaint.

12

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

## ALLEGATIONS OF THE CLASS REPRESENTATIVES

26.    <u>Genaro Zendejas Morales</u>.  Mr. Morales worked as a chef for Defendants at the AT&T cafeteria in Pasadena from 2004 until February 2008. Mr. Morales was regularly required to work through his rest and meal breaks due to Defendants' failure to provide someone to cover his responsibilities during his break time and the amount and type of work he was responsible for.  Mr. Morales repeatedly complained about not receiving his breaks and requested that Defendants send someone to cover for him during his breaks.  Defendants also regularly failed to compensate Mr. Morales for all of the regular and overtime hours that he worked.  Defendants also failed to provide Mr. Morales with accurate wage statements throughout his time with the company and to compensate him appropriately when he left his employment with them.

27.    <u>Ricky Silva</u>.  Mr. Silva has been a concession stand worker at Angels Stadium in Orange County since 2006.  Mr. Silva is regularly required to work through his rest and meal breaks due to Defendants' requirements and his work responsibilities.  Defendants also failed to provide Mr. Silva with accurate wage statements throughout his time with the company.

28.    Christian Sanchez.  Mr. Sanchez has worked at the Honda Center since 2002 in a variety of positions, including food preparation, cashier, concession stand worker and bartender.  Mr. Sanchez is regularly required to work through his rest and meal breaks due to Defendants' requirements and his work responsibilities.  Defendants also failed to provide Mr. Silva with accurate wage statements throughout his time with the company.

29.    Kristina Le-Nguyen. Ms. Le-Nguyen worked the majority of her time for the Defendants in the office located at Angel Stadium in Anaheim.  Among other violations, Defendants failed to pay Ms. Le-Nguyen the appropriate overtime compensation, provide the required rest and meal breaks and compensate her for

missed rest and meal breaks, reimburse her for expenses or provide accurate itemized wage statements and pay wages for all hours worked.

30.   Camille Lewis.  Ms. Lewis worked the majority of her time for the Defendants in the office located at Angel Stadium in Anaheim.  Among other violations, Defendants failed to pay Ms. Lewis the appropriate overtime compensation, provide the required rest and meal breaks and compensate her for missed rest and meal breaks, reimburse her for expenses or provide accurate itemized wage statements and to pay wages for all hours worked.

31.   Irby Brown.  Mr. Brown worked as a cook for Defendants.  Among other violations, Defendants failed to pay Ms. Lewis the appropriate overtime compensation, provide the required rest and meal breaks and compensate her for missed rest and meal breaks, reimburse her for expenses or provide accurate itemized wage statements and to pay wages for all hours worked.

32.   Michelle Holtz.  Ms. Holtz was required to purchase non skid shoes as part or her employment with Defendants and was not reimbursed for this expense.

## FIRST  CAUSE OF ACTION

### For Failure to Provide Meal and Rest Periods
### by Plaintiffs Individually and on Behalf of The Plaintiff Class
### (California Labor Code Sections 226.7, 512)

33.   Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34.   During the Class Period, Defendants routinely failed to provide the Plaintiffs and the Plaintiff Class with meal and rest periods during their work shifts, and failed to compensate them for said meal and rest periods, as required by California Labor Code sections 226.7, 512 and the other applicable IWC Wage Orders.

14

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

35.   As alleged herein, Plaintiffs and the Plaintiff Class were and are not exempt from the meal and rest period requirements of the Labor Code and applicable IWC Wage Orders.

36.   Plaintiffs and the Plaintiff Class have been deprived of their rightfully earned compensation for missed meal and rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiffs and the Plaintiff Class are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees and costs.

## SECOND CAUSE OF ACTION

### For Nonpayment of Wages

### by Plaintiffs Individually and on Behalf of the Plaintiff Class

### (California Labor Code Sections 1182, et seq., 204, 210, 218.5 & 218.6)

37.   Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38.   Defendants have ordered and/or caused members of the Plaintiff Class to work during missed meal and rest periods, but refused to pay for the work performed during these periods.   Through a system of rounding off workers hours in calculating compensation, Defendants have also failed and/or refused to pay members of the Plaintiff Class for their work performed while at their work site either before or after their scheduled shift despite having clocked in and performed tasks as requested by their supervisors.  As a result of these and other acts, Defendants have failed to pay the members of the Plaintiff Class minimum wage. Defendants have refused to pay the Class Members all accrued wages and compensation earned by such Class Members within the time limits prescribed under Labor Code section 204.

39.   In committing the forgoing acts and engaging in the forgoing practices, Defendants have violated the California Labor Code and are liable for penalties pursuant to California Labor Code Sections 204 and 210 as well as the

15

applicable civil penalties under Labor Code Section 2699, subdivision (f), for past violations of Labor Code Section 204.

### THIRD CAUSE OF ACTION

**For Failure to Keep and Furnish Accurate Wage Statements**
**by Plaintiffs Individually and on Behalf of the Plaintiff Class**
**(California Labor Code Section 226)**

40.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41.     Defendant has failed to furnish the members of the Plaintiff Class with itemized wage statements that accurately reflect (a) the additional hour of compensation owed members of the Plaintiff Class for each shift that a mandated meal or rest period is not provided, and (b) the overtime compensation owed to the Plaintiff Class, but concealed by Defendants' Rounding-Off Method.

42.     Defendant has failed to maintain records of itemized wage statements that accurately reflect (a) the additional hour of compensation owed to the Plaintiff Class for each shift that a mandated meal or rest period is not provided, and (b) the overtime compensation owed to members of the Plaintiff Class, but concealed by Defendants' Rounding-Off Method.

43.     Defendants' failure to maintain records of, and furnish to members of the Plaintiff Class, accurate, itemized wage statements resulted in the members of the Plaintiff Class suffering injury, as said failures led to the nonpayment of the class members' earned compensation for missed meal and rest periods, and overtime.

44.     On information and belief, Plaintiffs allege that Defendant's said failure to furnish and maintain records of accurate, itemized wage statements is, and was, knowing and intentional.

45.     Based on Defendant's conduct as alleged herein, Defendant is liable for civil penalties pursuant to California Labor Code §§ 226 and 226.3, as well as

16

1    for the applicable civil penalties, provided for in Labor Code section 2699,

2    subdivision (f), for the past violations of California Labor Code § 226.

3         46.    Pursuant to Labor Code § 226, subdivision (g), an injunction should

4    be issued to stop Defendants from violating its legal obligation to maintain records

5    of, and furnish to employees, itemized wage statements accurately reflecting (1)

6    the additional hour of compensation owed to employees for each shift that a

7    mandated meal or rest period is not provided, and (2) the overtime compensation

8    owed to Class Members, but concealed by Defendant's Rounding-Off Method.  If

9    Defendant is not enjoined from the conduct set forth above, it will continue to

10   violate its legal obligation to maintain and furnish such records.  Thus, there is

11   threatened future harm and/or continuing violation, which justifies injunctive

12   relief.

13        47.    Plaintiffs, therefore, request the Court to issue a preliminary and

14   permanent injunction requiring Defendant to properly maintain records of, and

15   furnish to employees, itemized wage statements accurately reflecting (1) the

16   additional hour of compensation owed to employees for each shift that a mandated

17   meal or rest period is not provided; (2) the total hours worked by these employees

18   for missed meal periods; and (3) the regular and overtime compensation owed to

19   members of the Plaintiff Class, but concealed by Defendants' Rounding-Off

20   Method.

21                        **FOURTH CAUSE OF ACTION**

22                   **For Failure to Pay Overtime Compensation**

23        **by Plaintiffs Individually and on Behalf of the Plaintiff Class**

24              **(California Labor Code Sections 510, 1194, 1194.2)**

25        48.    Plaintiffs reallege and incorporate by reference each and every

26   allegation contained in the foregoing paragraphs as if fully set forth herein.

27        49.    During the Class Period, Defendants routinely required Plaintiffs and

28   the Plaintiff Class to work before and/or after their shift without compensation and

17

used a rounding off method to pay Plaintiffs and the Plaintiff class only for those hours reflected on their schedule.  Additionally, Defendants routinely required Plaintiffs and the Plaintiff Class to work more than eight hours per day, more than twelve hours per day, and more than 40 hours per workweek.  Additionally, Defendants on occasion required Plaintiffs and the Plaintiff Class Members to work more than six days in seven.

50.    At all relevant times, Defendants failed to properly calculate, substantially underpaid, and/or refused to pay Plaintiffs and the Plaintiff Class overtime compensation required by the Labor Code and applicable IWC Wage Orders.

51.    As alleged herein, Plaintiffs and the Plaintiff Class were and are not exempt from the overtime compensation requirements of the Labor Code and applicable IWC Wage Orders.

52.    Plaintiffs and the Plaintiff Class have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  The Class Members, including Plaintiffs, are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

53.    In addition, pursuant to California Labor Code Section 1994.2, Plaintiffs and the Plaintiff Class are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### For Waiting Time Penalties

### by Plaintiffs Individually and on Behalf of The Plaintiff Class

### (California Labor Code Sections 201 through 203)

54.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

18

55.     During the Class Period, Defendants failed to pay members of the Plaintiff Class who resigned or were terminated the wages due to them at the time they left their employment.  As a result, these members of the Plaintiff Class are entitled to recover waiting time penalties equal to thirty days' pay pursuant to Labor Code § 203.

## SIXTH CAUSE OF ACTION

### For Unfair Competition

### by Plaintiffs Individually on behalf of The Plaintiff Class Members and the Public

### (California Business & Professions Code Section 17200, et seq.)

56.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57.     This claim is brought by the Plaintiffs on behalf of themselves, the Plaintiff Class, and the general public, pursuant to Business and Professions Code §§ 17200, et seq.  Defendants' conduct as alleged herein has been, and continues to be, an unfair, unlawful, and fraudulent business practice which has been and continues to be deleterious to Plaintiffs and to those similarly situated and to the general public.  Business and Professions Code §§ 17200, et seq. prohibits unlawful, unfair, and fraudulent business practices.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

58.     Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

59.     Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

60.    Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code §§ 17200, et seq., depriving the Plaintiffs, members of the Plaintiff Class, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

61.    At all times relevant to this action, Defendants have committed unfair and unlawful business practices within the meaning of Business & Professions Code §§ 17200, et seq. by engaging in conduct which includes, but is not limited to, failing to properly calculate and pay legally-required overtime compensation, failing to provide meal and rest breaks, failing to pay compensation for missed break time, failing to pay for time spent working through required breaks, and failing to pay waiting time penalties as required by law.

62.    As a direct and proximate result of these unfair business practices, Defendants have received and continue to receive funds that rightfully belong to Plaintiffs.

63.    Plaintiffs are entitled to, and hereby seek such relief as may be necessary to restore to them the funds of which Plaintiffs have been deprived, by means of Defendants' unlawful and unfair business practices.

64.    Pursuant to Business and Professions Code § 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in unfair business practices as alleged herein. Defendants, and persons acting in concert with them, have done, are now doing, and will continue to do or cause to be done, the above-described unlawful acts unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiffs have no plain, speedy, or adequate remedy at law, in that it is difficult to measure

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

the amount of monetary damages that would compensate Plaintiffs or the general public for Defendants' wrongful acts.  Further, pecuniary compensation alone would not afford adequate and complete relief.  The above-described acts will cause great and irreparable damage to Plaintiffs and the general public if injunctive relief is not granted.

## SEVENTH CAUSE OF ACTION

### For Recovery of Civil Penalties under the Private Attorney General Act
### (California Labor Code Sections 2698, et seq.)

65.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66.     Defendants have committed several Labor Code violations against the members of the Plaintiff Class in California.

67.     Plaintiffs, each an "aggrieved employee" within the meaning of Labor Code section 2698, et seq., acting on behalf of themselves and other members of the Plaintiff Class, bring this action to recover the civil penalties allowed under Labor Code section 2698, et seq., including, but not limited to, the penalties provided in Labor Code sections 558 and 2699 for the following knowing and intentional Labor Code violations:

    a.  Refusing to provide meal and rest periods to the members of the Plaintiff Class, in violation of Labor Code sections 512 and 226.7;

    b.  Refusing to pay the members of the Plaintiff Class an additional hour of compensation for every shift that a mandated meal or rest period is not provided, in violation of Labor Code section 226.7;

    c.  Refusing to pay the members of the Plaintiff Class for work performed during missed meal periods;

    d.  Refusing to pay the members of the Plaintiff Class earned overtime compensation;

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

e.  Refusing to pay all wages and compensation earned by the members of the Plaintiff Class within the time limits required under Labor Code section 204;

f.  Refusing to pay all wages and compensation earned by the members of the Plaintiff Class within seventy-two hours of termination, in violation of Labor Code sections 201 and 202;

g.· Refusing to reimburse employee expenses in violation of Labor Code 2802 and 221; and

h.  Refusing to maintain records of, and furnish to members of the Plaintiff Class, accurate, itemized wage statements, in violation of Labor Code section 226.

68.    Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of other members of the Plaintiff Class, and to assess and collect the civil penalties owed by Defendants.  Plaintiffs have thereby incurred attorneys' fees and costs, which they are entitled to recover under California Labor Code section 2699.

## EIGHTH CAUSE OF ACTION

### For Failure to Reimburse Employee Expenses
### by Plaintiffs Individually and on Behalf of the Plaintiff Class
### (California Labor Code Sections 2802 and 221)

69.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

70.    During the Class Period, Defendants routinely required Plaintiffs and the Plaintiff Class to pay for lawful and necessary work related expenses, or deducted the cost of these expenses from the employees' paychecks, including the required non skid shoes, cell phone payments and mileage.  Plaintiffs and the Plaintiff Class were not reimbursed for those lawful and necessary work related expenses incurred in direct discharge of their duties during their employment by

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

1   Defendants and at the direction of the Defendants pursuant to Labor Code 2802(a).

2   Defendants deduction of these costs from Plaintiffs and the Plaintiff Class's

3   paychecks was improper pursuant to Labor Code 221.

4       71.    Defendants knowingly and willfully failed to reimburse lawful and

5   necessary work related expenses and losses to Plaintiffs and the Plaintiff Class,

6   resulting in damages as Defendants did not inform Plaintiffs or the Plaintiff Class

7   of their right to be reimbursed for those work related expenses.  Because of this

8   failure to inform, Plaintiffs and the Plaintiff Class were led to believe that incurring

9   those lawful and necessary expenses was an expected and essential function of

10  employment with Defendants and that failure to incur those expenses would have

11  adverse consequences.

12      72.    Therefore, Plaintiffs and the Plaintiff Class are entitled to reimbursement for any

13  and all necessary work related expenses, as provided for in Labor Code 2802(b), incurred during

14  the direct discharge of their duties while employed by Defendants as well as accrued interest on

15  those expenses that were not reimbursed from the date they incurred those expenses.  Further,

16  Plaintiffs and the Plaintiff Class are entitled to costs and attorney's fees pursuant to Labor Code

17  2802 (c).

18                        **PRAYER FOR RELIEF**

19  WHEREFORE, Plaintiffs respectfully pray that this Court award relief as follows:

20    1.  An order certifying this case as a class action;

21    2.  Unpaid wages, unreimbursed expenses and statutory penalties, according to

22       proof;

23    3.  Liquidated damages pursuant to California Labor Code § 1194.2(a);

24    4.  Preliminary and permanent injunctions enjoining and restraining Defendants

25       from continuing the unfair and unlawful business practices set forth above

26       and requiring the establishment of appropriate and effective means to

27       prevent future violations;

28

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

5. Restitution of all unpaid wages and benefits due as a result of Defendants' unlawful and unfair business practices, according to proof;

6. Declaratory relief;

7. Reasonable attorneys' fees and costs;

8. Interest accrued on damages and penalties pursuant to Labor Code § 218.6 and Civil Code § 3287; and

9. Such other and further relief as the Court deems just and proper.

DATED:      January 4, 2010          Respectfully submitted,
                                     HADSELL STORMER KEENY
                                     RICHARDSON & RENICK, LLP

                                     By
                                         Randy Renick
                                         Attorneys for Plaintiffs


                                     Richard E. Quintilone II, Esq. S.B. 200995
                                     QUINTILONE & ASSOCIATES
                                     22974 El Toro Rd., Suite 100
                                     Lake Forest, California 92630
                                     Telephone: (949) 458-9675
                                     Facsimile:   (949) 458-9679


                                     Roger R. Carter, Esq. S.B. 140196
                                     THE CARTER LAW FIRM
                                     2030 Main Street, Thirteenth Floor
                                     Irvine, California 92614
                                     Telephone: (949) 260-4737
                                     Facsimile:   (949) 260-4754

///

///

///

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Michael A. Gould, Esq. S.B. 151851
Aarin A. Zeif, Esq. S.B. 247088
GOULD & ASSOCIATES
A Professional Law Corporation
17822 E. 17th Street, Suite 106
Tustin, California 92780
Telephone: (714) 669-2850
Facsimile:  (714) 544-0800


Richard A. Jones, Esq. S.B. 117679
Law Offices of Richard A. Jones
1820 E. 17th Street
Santa Ana, California 92705
Telephone: (714) 480-0200
Facsimile:  (714) 480-0423


## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED:      January 4, 2010         Respectfully submitted,
                                    HADSELL STORMER KEENY
                                    RICHARDSON & RENICK, LLP

                                    By _____
                                         Randy Renick
                                         Attorneys for Plaintiffs

FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

# PROOF OF SERVICE

1

2    I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 128 N. Fair Oaks Avenue, Pasadena, California  91103.

3

4    On January 4, 2010, I served the foregoing document described as: **FIRST CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR: 1. FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE § 226.7, 512); 2. NONPAYMENT OF WAGES (CAL. LABOR CODE § § 204, 210, 218.5 & 218.6); 3. FAILURE TO FAILURE TO KEEP AND FURNISH ACCURATE WAGE STATEMENTS (CAL. LABOR CODE §§ 226, 226.3); 4. FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§ 510, 1194, 1194.2); 5. WAITING TIME PENALTIES (CAL. LABOR CODE § 201 & 203) 6. UNFAIR COMPETITION (CAL.BUS. & PROF. CODE § 17200, et seq.) 7. CIVIL PENALTIES UNDER PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §§ 2698, et seq.) 8. FAILURE TO REIMBURSE EMPLOYEE EXPENSES (CAL. LABOR CODE §§ 2802, 221) JURY TRIAL DEMANDED** on the interested parties in this cause by placing true and correct copies thereof in envelopes addressed as follows:

5
6
7
8
9
10
11

| | |
|---|---|
| John S. Battenfeld, Esq. [SB#119513]<br>Jason S. Mills, Esq. [SB#225126]<br>Donna Mo, Esq. [SB#240621]<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Avenue<br>Twenty-Second Floor<br>Los Angeles, California 90071-3132 | Attorneys for the Defendants |

12
13
14
15

16   **XX   BY E-MAIL**

17    **XX**   I caused the foregoing document(s) to be transmitted to:
18   jbattenfeld@morganlewis.com; jmills@morganlewis.com;dmo@morganlewis.com; req@quintlaw.com; michael@wageandhourlaw.com

19   **XX    (FEDERAL)** I declare that I am employed in the office of a member of the bar of
20   this court at whose direction the service was made.

21    Executed , January 4, 20010 in Pasadena, California.

22

23

24    Vivian Luther

25

26

27

28