JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERO ZENDEJAS MORALES, RICKY SILVA and CHRISTIAN SANCHEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARAMARK CORPORATION, a Delaware Corporation formerly known as ARAMARK SERVICES, INC.; ARAMARK SPORTS, INC., ARAMARK SPORTS, LLC and DOES 1-200, inclusive,<br><br>    Defendants. | No. 2:09-cv-05565-JHN-MLGx<br><br>**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION**<br><br>**Date: October 4, 2010**<br>**Time: 2:00**<br>**Courtroom: 790 Roybal** |
| KRISTINA LE-NGUYEN, an individual, and CAMILLE LEWIS, an individual, on behalf of themselves, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARAMARK CORPORATION, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | |

    The Court, having considered whether to order final approval of the settlement of the above-captioned action pursuant to the Joint Stipulation of

Settlement ("Settlement") filed on or about April 5, 2010, having read and considered all of the papers and argument of the parties and their counsel, having granted preliminary approval on May 3, 2010, having directed that notice be given to all Class Members of preliminary approval of the Settlement and the final approval hearing and the right to be excluded from the Settlement, and having received and considered four objections (discussed below) and good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms used in this Judgment and Order of Final Approval have the meanings assigned to them in the Settlement.

2. This Court has jurisdiction over the claims asserted in the Action by Plaintiffs Genaro Zendejas Morales, Ricky Silva, Christian Sanchez, Irby Brown, Michelle Holtz, Kristina Le-Nguyen, and Camille Lewis ("Plaintiffs"), and over Class Members and Defendants.

3. The Court hereby makes final the conditional class certification the Court granted on May 3, 2010, and thus makes final for purposes of the Settlement only, the certification of a Class whose members consist of: all current and former employees of the ARAMARK Entities[1] who were classified as non-exempt (i.e., overtime eligible) and who work or worked for any ARAMARK Entities or their predecessors, assigns and/or related companies at locations in the Sports & Entertainment and/or Business and Industries Group lines of business in California at any time between July 29, 2005 through May 3, 2010 (*i.e.*, the date of preliminary approval of the Settlement by the Court). This certification for

---

[1] The "ARAMARK Entities" are: ARAMARK CORPORATION, ARAMARK SPORTS, LLC, ARAMARK SPORTS, INC., ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, ARAMARK ENTERTAINMENT, LLC, ARAMARK SM MANAGEMENT SERVICES, INC., ARAMARK SERVICES, INC., ARAMARK MANAGEMENT SERVICES LP, ARAMARK FACILITY SERVICES, LLC, ARAMARK RAIL SERVICES, LLC, ARAMARK REFRESHMENT SERVICES, LLC, TRAVEL SYSTEMS, LLC, ARAMARK BUSINESS FACILITIES, LLC, ARAMARK INTERMEDIATE HOLDCO CORPORATION, ARAMARK HOLDINGS CORPORATION, ARAMARK SMMS, LLC

2

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION

settlement purposes shall not be construed to be an admission by the ARAMARK Entities or a determination as to the certifiability of any class if the merits of class certification had been litigated in the Action, or in any other action.

4.   The Court hereby finds that the Notice of Settlement, as mailed to all Class Members by June 18, 2010, fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Settlement Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval.  Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this Judgment and Order of Final Approval.  All objections are overruled.

5.   The Court hereby finds that the Settlement, including the Maximum Settlement Amount, is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendants, and is the product of good faith, arms-length negotiations between the Parties, and further, that the Settlement is consistent with public policy, and fully complies with all applicable provisions of law. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and Defendants, after thorough factual and legal investigation.  In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts paid in

settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.  The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement.  Specifically, only four (4) Class Members have objected to the Settlement (*i.e.*, less than .01% of the Class), and only seventeen (17) Class Members (*i.e.*, less than .08% of the Class) have opted out of the Settlement.  A large percentage of Class Members have submitted claims with over 62% of eligible workweeks being claimed.  Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member.  *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003).  The Court also hereby finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23, for the reasons stated in the Motion for Final Approval.  Accordingly, the Court hereby finally and unconditionally approves the Settlement and authorizes Defendants to pay the individual Settlement Payments from the Settlement Pool in accordance with the terms of the Settlement.

6. The persons identified on Exhibit B to the Declaration of Bernella Lenhart (docket no. 61, filed Aug. 30, 2010) have timely and validly requested exclusion from the Class and, therefore, are excluded.  Such persons are not included in or bound by this Judgment and Order of Final Approval, and they are not entitled to any recovery from the settlement proceeds obtained through the Settlement.

7. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION

8. The Court approves the settlement of the Released Claims as defined in the Settlement. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against the ARAMARK Releasees (as defined by the Settlement). As of the date of this Judgment and Order of Final Approval, all Class Members who did not timely opt out are bound by the instant Judgment and Order of Final Approval, and the Settlement. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Judgment and Order of Final Approval who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the Released Claims, either directly, representatively or in any other capacity, against any of the ARAMARK Releasees.

9. HADSELL STORMER KEENY RICHARDSON & RENICK, LLP is designated as Class Counsel. Class Counsel HADSELL STORMER KEENY RICHARDSON & RENICK, LLP shall continue to serve as Interim Lead Counsel and shall oversee and perform the duties necessary to effectuate the settlement, including the distribution of attorneys' fees and costs;

10. Defendants agreed in the Settlement not to object to Plaintiffs' request for a Service Payment in the amount of $7,500.00 to each of the Plaintiffs as payment to them for their services as Plaintiffs and Class Representatives. The Court has considered Plaintiffs' request for a Service Payment and, good cause appearing, hereby grants Plaintiffs' request in the amount of $7,500.00 each and authorizes Defendants to pay this amount from the Maximum Settlement Amount in accordance with the terms of the Settlement.

11. Defendants further agreed in the Settlement not to oppose any motion by Plaintiffs for reasonable attorneys' fees and costs requesting up to 30% of the

5

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION

Maximum Settlement Amount ($1,170,000), to be approved by the Court. The Court has considered Plaintiffs' motion for the award of attorneys' fees (of 25% of the Maximum Settlement Amount) and costs and, good cause appearing, hereby awards Class Counsel attorneys' fees in the amount of $975,000 and costs in the sum of $18,862.55, and authorizes Defendants to pay such amounts from the Maximum Settlement Amount in accordance with the terms of the Settlement. The Court finds that the four objections received from Class Members, which object to the attorneys' fees award, are without a substantial basis or rationale, and represent an insignificant proportion of the Class. The Court accordingly finds that the attorneys' fees award should not be reduced on the basis of these objections.

12. Defendants further agreed in the Settlement to pay from the Maximum Settlement Amount the reasonable costs of the Claims Administrator associated with notices to the Class and the administration of the Settlement and all costs associated with distribution of individual Settlement Payment to Class Members. Good cause appearing, the Court hereby authorizes Defendants to pay all such amounts not to exceed the aggregate sum of $110,927.54 from the Maximum Settlement Amount, in accordance with the terms of the Settlement. In addition, the Parties have agreed to split the costs of the additional postcard notice sent to Class Members concerning any objection to the motion for attorneys' fees, and the Court approves this agreement.

13. Defendants further agreed in the Settlement to pay from the Maximum Settlement Amount the amount of $39,000 to the California Labor and Workforce Development Agency ("LWDA") pursuant to California Labor Code section 2699, *et seq*. (*i.e.*, the California Private Attorneys General Act of 2004). Good cause appearing, the Court hereby authorizes Defendants to pay to the LWDA the sum of $39,000 from the Maximum Settlement Amount, in accordance with the terms of the Settlement.

14. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, in connection with the above-captioned action except as provided in the Settlement.

15. Neither the Settlement nor any of the terms set forth in the Settlement constitute an admission by the Defendants, or any of the other ARAMARK Releasees, of liability to the Plaintiffs or any Class Member; nor does this Judgment and Order of Final Approval constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability of Defendants or any of the other ARAMARK Releasees. Neither the making of nor entering into the Settlement constitutes an admission by the ARAMARK Releasees; nor is this Judgment and Order of Final Approval a finding of the validity of any claims in the Action or of any other wrongdoing. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as an admission or concession by or against the ARAMARK Releasees. Evidence of the making or entering into the Settlement shall not be offered or received into evidence in any action or proceeding against any party hereto in any Court, or other tribunal for any purpose, other than to enforce the instant Order of Final Approval, the instant Judgment, or the Settlement, or to support a defense by the ARAMARK Releasees of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction.

16. The Court hereby grants final approval of the Settlement and, in accordance with the terms of the Settlement, hereby enters judgment approving the terms of the Settlement and ordering that the Action be dismissed in accordance with the Settlement. The Action is dismissed on the merits with prejudice on a class-wide basis. The Class Representatives' Released Claims, as set forth in the Settlement, are dismissed on the merits with prejudice.

17. Without affecting the finality of this Judgment and Order of Final Approval, the Court retains exclusive and continuing jurisdiction over the Action, Plaintiffs, all Class Members and Defendants for purposes of supervising, implementing, interpreting and enforcing this Judgment and Order of Final Approval and the Settlement. Nothing in this Judgment and Order of Final Approval precludes any action to enforce the Parties' obligations under the Settlement or under this Judgment and Order of Final Approval.

18. If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Judgment and Order of Final Approval and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

19. The Court hereby finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the Parties to the Settlement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

Dated: October 12, 2010

_____
Jacqueline H. Nguyen
United States District Judge

DB1/65562026.3

8

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION